## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **STALWART PLASTICS, INC.,** | : | **Chapter 11 Case No. 24-40194-JTL** |
| | : | |
| Debtor. | : | |
| | : | |

## APPLICATION FOR AUTHORITY TO RETAIN GGG PARTNERS, LLC TO PROVIDE INTERIM MANAGEMENT SERVICES OF (I) RICHARD B. GAUDET AS CHIEF RESTRUCTURING OFFICER AND (II) CERTAIN OTHER PERSONNEL

COMES NOW Stalwart Plastics, Inc. (the "**Debtor**"), the Debtor and Debtor-in-Possession in the above-captioned case, and, by and through its undersigned proposed counsel, files this *Application for Authority to Retain GGG Partners, LLC to Provide Interim Management Services of (I) Richard B. Gaudet as Chief Restructuring Officer and (II) Certain Other Personnel* (the "**Application**"). In support, the Debtor respectfully shows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested in this Application are Sections 105 and 363 of the Bankruptcy Code.

### Background

3.      On March 29, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      No committee, trustee, or examiner has been appointed.

5.      The Debtor, a Nevada corporation, manufactures stretch plastic film at its plant located at 7701 Chattsworth Road, Midland, Georgia. While its operation is based in Georgia, certain of its principals, including Angie Valero ("**Valero**") (the Debtor's Chief Financial Officer), reside in or about Phoenix, Arizona.

6.      The Debtor's sole shareholder is Fruma Plastics SA de CV ("**Fruma**"), a Mexican business entity whose principal place of business is in Queretaro, Mexico. Fruma is also in the stretch plastic film business. The Debtor understands that Fruma is owed 95% by Amalia C. Contreras ("**Contreras**") and 5% by Jose Antonio Montes Vera ("**Montes**"). Following the removal of Contreras as a director and as the Debtor's Chief Executive Officer in January 2024, Montes is the Debtor's sole director and its President; he also provides certain day-to-day accounting services to the Debtor in support of the Debtor's Chief Financial officer.

7.      Prior to the Petition Date, Miguel Luna ("**Luna**"), who is Contreras' son, was the Debtor's Vice President of Operations. He will step aside in connection with this Bankruptcy Case filing, as more particularly stated below. Valero, who joined the Debtor on or about January 8, 2024 as the Debtor's Finance Manager, is now the Debtor's Secretary and Treasurer and serves as its Chief Financial Officer (after replacing the Debtor's former CFO, Jose Truchuelo ("**Truchuelo**"), upon his termination for cause on or about January 30, 2024).[1]

8.      In short, Valero discovered in or about October 2023 (as a part of her work for Zummit) (see note 1) that Truchuelo, in his capacity as the Debtor's CFO and Zummit's CFO, had embezzled certain of the Debtor's and Zummit's funds over a period of years and, as a part

---

[1] Valero also replaced Truchuelo as CFO at Zummit Plastics, Inc., which is an affiliate of the Debtor, is also in the stretch film manufacturing business, and filed a Chapter 7 bankruptcy case in Arizona earlier this year. *See* Case No. 2:24-bk-00816-BKM (Bankr. D. Ariz).

of that embezzlement, prepared false accounting records (including records with references to

fictious vendors), failed to fully account for the companies' financial operations with

competent accounting records, and left the companies substantially without accounting and

other financial records.

9.      Valero has been investigating the embezzlement since she discovered it in 2023

and has worked closely with outside corporate counsel and with separate white-collar defense

counsel, each based in Phoenix, Arizona. Additionally, Valero has spent at least the last three

months recreating and/or reconciling the Debtor's financial records while also working to

restore go-forward financial integrity and financial and operational stability for the Debtor.

10.      On or about January 31, 2024, the Debtor's undersigned counsel disclosed

voluntarily to Truist Bank's ("**Truist's**") counsel what it could disclose about the Truchuelo

fraud and disclosed that Stalwart had terminated Truchuelo a day or so earlier. Truist is the

Debtor's largest creditor. Prior to that disclosure, and at least back to December 2023, the

Debtor (through its undersigned counsel) and Truist (through its counsel) had been engaged in

extensive discussions about how the parties would proceed after Truist accelerated the debt

based on various alleged monetary and non-monetary defaults.

11.      Based on disclosure about Truchuelo, and other issues between the Debtor and

Truist, the Debtor and Truist agreed that the Debtor would file this Bankruptcy Case as soon as

possible (provided that the Debtor shared a proposed cash collateral budget with Truist at least

one week prior to the bankruptcy filing) or, failing that, consent to a receiver. The parties

contemplated that this case would be filed as early as February 29, 2024 and as late as March

11, 2024, with the Debtor's undersigned counsel reporting to Truist's counsel on February 29

that a February 29 filing was not possible and asking for until March 25 to file (with the

Debtor's proposed cash collateral budget to be shared with Truist a week prior to March 25).

12.     On or about February 7, 2024, and in preparation for filing this Bankruptcy Case, the Debtor engaged GGG Partners, LLC ("**GGG**"). The Debtor did so for the limited purpose of having GGG's Richard Gaudet ("**Gaudet**") work with Valero to prepare the cash collateral budget that the Debtor agreed it would share with Truist before the filing.

13.     Valero and Gaudet finished the proposed budget on or about March 21, 2024. However, in the evening of March 21, 2024 and before the Debtor could share the budget, Truist sued Fruma and the Debtor on the Truist debt in the Middle District of Georgia District Court and, among other things, sought the expedited appointment of a receiver (the "**Truist Lawsuit**"). In the Truist Lawsuit, Truist alleges, among other things, that not only was Truchuelo involved in the embezzlement, but that Luna and the Luna family, generally were also involved. The Debtor disputes a substantial portion of Truist's pending allegations.

14.     On March 25, 2024, the District Court conducted a telephone status conference on Truist's Expedited Receiver Motion, at which conference the Debtor and Truist announced that the Debtor would consent to the appointment of a receiver unless it (i) shared a proposed cash collateral budget with Truist on or before March 27 (which it did) and (ii) filed this Bankruptcy Case on or before March 29 at 2:00 p.m. (which it also did).

15.     While the investigation is still ongoing and Truist's allegations against Luna are just that—allegations—Luna determined out of an abundance of caution that it would be in the best interests of the Debtor, its estate, and its creditors for him to step aside and remove himself from payroll during the investigation and for as long as is necessary in the administration of this Bankruptcy Case. At most, he has agreed to serve as an operations advisor to the Debtor, with his role and compensation to, subject to authorization by this Court, be determined by the

Chief Restructuring Officer contemplated by this Application.

16.     And, thus, the Debtor has determined that it is necessary for the Debtor to engage a Chief Restructuring Officer who will be exclusively in charge of the Debtor.

## Relief Requested

17.     By this Application, the Debtor respectfully requests the entry of an order, pursuant to Sections 105 and 363 of the Bankruptcy Code, authorizing the Debtor to retain GGG, which will provide Richard B. Gaudet as the Debtor's designated Chief Restructuring Officer ("**CRO**") and, if necessary, other temporary employees, to supply interim management services to the Debtor in this Bankruptcy Case and to perform the Specified Duties (defined below), as such may be expanded or limited by further order of the Court. The proposed terms of GGG's retention are as set forth in the engagement letter (the "**Engagement Letter**") attached on **Exhibit A**.

## Basis for Relief

18.     The Debtor seeks to retain GGG to provide services to the Debtor pursuant to the terms of the Engagement Letter. GGG is an experienced financial advisory, turnaround consultant, and forensic investigation firm, and it and its principals have represented debtors and trustees in numerous bankruptcy cases, including as CRO in certain jointly-administered Chapter 11 cases that are pending in the Middle District. *See MP Zebulon, LLC, et al.* (Bankr. M.D. Ga. 22-51106-AEC) at Dkt. 87 (wherein the Court appointed Mr. Gaudet as CRO in those cases on the basis of a CRO application that this Application is substantially modeled after). A copy of Mr. Gaudet's resume is attached as **Exhibit 1** to his attached Declaration.

19.     GGG's and Mr. Gaudet's expertise and successful history of providing restructuring, management, advisory, and forensic investigatory services to other companies in

financially complex, troubled situations (including situations where there are allegations of pre-petition fraud) make GGG a natural fit for this engagement and will permit the Debtor's going concern value to be preserved and even enhanced while the pre-petition matters are investigated—an investigation that the new CFO, with the assistance and independence of GGG, is best positioned to continue and conclude in a cost effective matter for the Debtor.

20.     Mr. Gaudet is being retained on the express approval of the Debtor. As noted above, the scope of the following proposed Specified Duties for which GGG would be retained may be further expanded or limited by the Court following notice and hearing. The proposed Specified Duties are as follows:

(i)      Review the current financial and operational status of the Debtor;

(ii)     Validate and update information as required in the Case;

(iii)    Prepare a cash flow budget for the Debtor with the assistance of the CFO;

(iv)     Evaluate various strategic alternatives for the Debtor;

(v)      Communicate with employees and other stakeholders of the Debtor;

(vi)     Investigate and, as appropriate for the best interests of the bankruptcy estate, prosecute on behalf of the Debtor as the Debtor's CRO, potential claims held by the Debtor's bankruptcy estate, including, without limitation, bankruptcy avoidance claims, fraud claims, and the like;

(vii)    Monitor the operation of the Debtor's business and assets and reporting the same to the Bankruptcy Court as appropriate or required;

(viii)   Generally act as the Debtor's Chief Restructuring Officer; and

(ix)     Satisfy other duties as determined by the Debtor and subject to any order of the Bankruptcy Court.

21.    GGG is expected to provide certain of its associates and partners to assist Mr. Gaudet in his duties. None of these individuals are expected to assume any executive officer positions of the Debtor.

22.    Mr. Gaudet and his colleagues at GGG will bill for their time at their standard hourly rates. Mr. Gaudet's standard rate is $425.00 per hour. The rates for associates and partners of GGG range from $300.00 to $450.00 per hour. GGG revises its rates for services periodically, and the Debtor will pay such rates as reasonably adjusted. GGG will provide the Debtor with advance notice prior to any increases in the rates set forth above.

23.    GGG will also be reimbursed for reasonable out-of-pocket expenses, such as travel, telephone and facsimile, courier, and copy expenses.

24.    Prior to the Petition date and as disclosed in the Engagement Letter, GGG received a $40,000 retainer from the Debtor.[2] The Debtor shall pay GGG the compensation set forth above based on the submission of invoices by GGG to the Debtor.

25.    Mr. Gaudet and GGG shall not be employed pursuant to Section 327 of the Bankruptcy Code; accordingly, they will not submit fee applications pursuant to Sections 330 and 331 of the Bankruptcy Code. Instead, GGG shall deliver to the U.S. Trustee, counsel for the Debtor, and parties requesting notice in this case reports of compensation earned and expenses incurred on a monthly basis (each a "**Monthly Report**"). Such reports shall describe the time incurred, the services provided, the itemized expenses, and the total amount of fees sought for the applicable monthly period. The Debtor proposes that it be authorized to pay fees and expenses set forth in each Monthly Report. Furthermore, notwithstanding anything to the contrary in the Engagement Letter or this Application, the Debtor proposes that GGG's

---

[2] In connection with the work that GGG performed for the Debtor in February and March, GGG also received a $7,500 retainer from the Debtor.

compensation shall only be reviewed under a reasonableness standard at the end of this case.

26.     Neither GGG nor Mr. Gaudet are "professionals" whose retention is subject to approval under Section 327 of the Bankruptcy Code. However, GGG has provided information with respect to its connections with the Debtor and other significant parties-in-interest, as more specifically described in the Declaration of Richard B. Gaudet attached on **Exhibit B**.

27.     To the best of the Debtors' knowledge: (a) GGG represents no interests adverse to the Debtor in the matters on which GGG is to be engaged for the Debtor; (b) except as otherwise disclosed in the Declaration, GGG has had no connection with the Debtor, its creditors, the Office of the United States Trustee, or any other party-in-interest, or their respective attorneys and accountants; and (c) GGG's retention will be in the best interest of the Debtor and its estate.

28.     Mr. Gaudet (and any other additional GGG staff that provide services to the Debtors) will be entitled to receive whatever indemnities are made available during the term of the engagement to other non-GGG affiliated officers of the Debtor, whether under the Debtor's articles and bylaws, certificates of formation, applicable law, or contractual agreements of general applicability to officers of the Debtor.

29.     Section 363 of the Bankruptcy Code provides that transactions not in the ordinary course of business must be approved by court order. Courts routinely have held that transactions should be approved under Section 363 of the Bankruptcy Code when they are supported by the sound business judgment of management.  *See*, *e.g.*, *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983) (outlining requirements for the sale of assets under section 363(b)); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999). Relief similar to that requested herein

has been granted in other Chapter 11 cases (including by this Court in the above-referenced MP Zebulon cases in 2022). *See also*, *e.g.*, *In re Centennial Healthcare Corp.*, Case No. 02-74974 (Bankr. N.D. Ga. Dec. 23, 2002) (Massey, J); *In re Beaulieu Group, LLC, et al.*, Case No. 17-41677 (Bankr. N.D. Ga. Aug. 14, 2017) (Diehl, J.) *In re Astroturf, LLC*, Case No. 16-41504 (Bankr. N.D. Ga. July 20, 2016) (Bonapfel, J.); *In re Cagle's, Inc.*, Case No. 11-80202 (Bankr. N.D. Ga. Nov. 28, 2011) (Bihary, J.); *In re Regional Housing & Community Services Corp., et al.*, Case No. 21-41034 (Bankr. N.D. Ga. Oct. 25, 2021) (Bonapfel, J.).

30.     For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of its estate. A proposed Order approving this Application is attached on **Exhibit C**.

31.     To the extent that the fourteen-day stay of Bankruptcy 6004(h) may be construed to apply to the subject matter of this Application, the Debtor requests that such stay be waived.

## Notice

32.     The Debtor will serve this Application as directed in any Order granting an expedited hearing on the Application.

WHEREFORE, the Debtor requests that the Court enter the proposed Order attached on **Exhibit C** and that the Court grant such other and further relief as the Court deems proper.

Respectfully submitted this 1st day of April, 2024.

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
G. Daniel Taylor
Georgia Bar No. 528521

577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)

Thomas B. Norton
Georgia Bar No. 997178
dbury@stoneansbaxter.com
dtaylor@stoneandbaxter.com
tnorton@stoneandbaxter.com

Proposed Counsel for Debtor

G:\CLIENTS\Stalwart Plastics, Inc\Chapter 11\Expedited Hearing\Final for Upload (Emergency)\4. Application to Employ GGG as CRO (for upload 03.29.24).docx

**EXHIBIT A**

**Engagement Letter**



GGG Partners, LLC

## Professional Services Agreement

Stalwart Plastics, Inc. (the "Client") has engaged the services of GGG Partners, LLC ("GGG") located at 2870 Peachtree Road, Suite 502, Atlanta, GA 30305 to provide the consulting and advisory services described on Schedule 1 attached hereto and incorporated herein (the "Services").  This letter agreement sets forth the terms on which GGG will provide the Services to the Client.  This Agreement may be amended in writing by mutual agreement of the parties from time to time.

1. The Client shall provide GGG with full access to all records, including information concerning the business, assets, operations and financial condition of the Client as necessary to perform the Services.  The Client agrees that GGG is authorized to make appropriate use of all such information in connection with the performance of the Services.

2. Management of the Client shall promptly disclose to GGG any information relating to any misstatement or alleged misstatement of material fact contained in any information provided to GGG concerning the business, assets, operations and financial condition of the Client or any fraud or alleged fraud, whether or not material, that involves management or other personnel that are responsible for the preparation of the Client's financial statements.

3. The relationship of GGG to the Client shall at all times be that of an independent contractor.

4. GGG shall be subject solely to the control of the Board of the Client and as otherwise ordered by the Bankruptcy Court presiding over Client's Chapter 11 bankruptcy case.  Except for such control, GGG shall not be subject to the control of any other person or persons.

5. GGG shall be compensated for the Services based on the attached schedule 1.

6. The engagement of GGG shall continue at the pleasure of the Client and may be terminated at any time.  GGG shall have the option to terminate this engagement at any time upon written notice to the Client.  The obligations of the Client under numbered paragraph 5 of this letter agreement shall survive the completion or termination of this engagement regardless of the manner of such completion or termination and shall be binding upon the Client's successors and assigns.

7. This agreement supersedes any and all prior agreements written or verbal between the Client and the GGG.

Accepted and Agreed March 28, 2024:

GGG Partners, LLC

By: _Goodman_____
Katie S. Goodman
Managing Partner

Stalwart Plastics, Inc.

By: _____

Angie Valeeo
CFO

Jose Montes

## SCHEDULE 1

Services to be provided by GGG to the Client

GGG shall act as the Chief Restructuring Officer of the Client.  While the scope of services can be amended going forwarded and is otherwise, as applicable, subject to Bankruptcy Court Authorization, the scope includes:

(i)     Review the current financial and operational status of the Client
(ii)    Validate and update information as required
(iii)   Prepare a cash flow budget
(iv)    Evaluate various strategic alternatives with the Board and counsel
(v)     Communicate with employees and other stakeholders
(vi)    Investigating and, as appropriate for the best interests of the bankruptcy estate, prosecuting on behalf of the Debtor as the Debtor's CRO, potential claims held by the Debtor's bankruptcy estate, including, without limitation, bankruptcy avoidance claims and the like.
(vii)   Monitoring the operation of the Debtor's business and assets and reporting the same to the Bankruptcy Court as appropriate;
(viii)  Generally act as the Client's Chief Restructuring Officer; and
(ix)    Other as determined by the Client and subject to any order of the Bankruptcy Court.

GGG's rates are as follows:

| | | |
|---|---|---|
| Richard Gaudet – Partner: | $425 per hour | *Chief Restructuring Officer* |
| Katie Goodman | $450 per hour | |
| Other Partners: | $350 – 425 per hour | |

GGG will also invoice for reasonable out of pocket expenses.  GGG considers out of pocket expenses to be car rental / mileage, airfare and hotel; GGG does not bill for incidental expenses.

GGG will maintain a retainer of $40,000 that will be held and applied to a final invoice.  GGG will invoice at least monthly for services provided and payment is due on receipt or as otherwise directed by the Court.

## WIRING INSTRUCTIONS

GGG Partners, LLC
South State Bank
Atlanta, GA
ABA    #: 061121025
Account #: 1500183353

**EXHIBIT B**


**Declaration of Richard Gaudet**

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **:** | |
| | **:** | |
| **STALWART PLASTICS, INC.,** | **:** | **Chapter 11 Case No. 24-40194-JTL** |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |

**DECLARATION OF RICHARD B. GAUDET IN SUPPORT OF THE DEBTOR'S
APPLICATION FOR APPROVAL TO RETAIN GGG PARTNERS, LLC**

I, Richard B. Gaudet, declare under penalty of perjury as follows:

1.

I am a partner with GGG Partners, LLC ("**GGG**"), and in that capacity, I have personal knowledge of, and authority to speak on behalf of, GGG with respect to the matters set out herein. This Declaration is offered in support of the Application of the above-captioned Debtor to retain GGG to provide interim management services to the Debtor during the pendency of its Bankruptcy Case and for my proposed role as the Debtor's Chief Restructuring Officer (the "**Application**"). The matters set out herein are true and correct to the best of my knowledge, information, and belief.

2.

GGG is an experienced financial advisory and turnaround consultant firm and has represented debtors and trustees in numerous bankruptcy cases, including in a group of jointly-administered Chapter 11 cases in this District in which I am currently serving as the CRO. My resume is attached to this Declaration as **Exhibit 1**.

3.

In connection with the preparation of this Declaration, GGG conducted a review of its

potential contacts with the Debtor and certain entities holding large claims against, or interests in, the Debtor that were reasonably known to GGG. GGG's review, completed under my supervision, consisted of a review of (i) the Debtor, (ii) the Debtor's pre-petition secured lenders, (iii) the Debtor's other professionals, (iv) insiders and affiliates of the Debtor, and (v) the Debtor's creditors as listed on the creditor mailing matrix.

4.

Based on the results of its review, GGG discloses the following relationships and connections:

     a.   GGG and I have previously provided limited financial advisory services to the Debtor, pre-petition, with such services having started on or about February 7, 2024 when, in connection with the Debtor's negotiations with Truist Bank, the Debtor agreed to file this Bankruptcy Case. GGG's services were primarily limited to assisting the Debtor's current CFO, Angie Valero, in preparing a 13-week cash budget that Truist requested that the Debtor share with Truist before filing the Bankruptcy Case. Such services are consistent with the CRO services that the Debtor proposes that I provide in this Bankruptcy Case. Prior to February 7, 2024, GGG had no connections to the Debtor.

     b.   As part of its diverse practice, GGG has appeared in numerous cases and proceedings, and participates in transactions that involve many different professionals, including, attorneys, accountants, and consultants, who do and may in the future represent claimants and parties-in-interest in this case. Further, GGG has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create

interests materially adverse to the Debtor in matters on which GGG is to be employed, and none
are in connection with this case.

      c.   To my knowledge, I have not been engaged by Truist Bank in the past. Further, I
am not currently engaged by Truist Bank on any matter. While GGG may have been engaged by
Truist Bank in the past and/or may be engaged by Truist Bank currently, any such engagements
are wholly unrelated to the Debtor, Truist's claims against the Debtor and its affiliates, the
Debtor's other creditors, and the Debtor's bankruptcy estate.

      d.   I have never served as an officer or director of the Debtor or any of its affiliates
and have never owned an interest in or otherwise been compensated by the Debtor (beyond that
disclosed above). The same is true for GGG and those employed by GGG.

5.

To the best of my knowledge, neither GGG nor I have represented or currently represent
any interest adverse to the Debtor or its estate, or have any material connections with the Debtor,
its creditors, the Office of the United States Trustee, or any other party-in-interest, or the
respective attorneys or accountants of the foregoing, except as otherwise set forth above or in the
Application. Accordingly, to the extent that it is necessary that GGG be "disinterested," I believe
that GGG is disinterested, as that term is defined in 11 U.S.C. § 101(14).

6.

During the course of the Debtor's Bankruptcy Case, I am, subject to Bankruptcy Court
approval, expected to serve as Chief Restructuring Officer of the Debtor. We will act under the
parameters set forth in Engagement Letter that is attached to the Application, any order
authorizing GGG's engagement, and any other orders entered by the Court. My services as Chief
Restructuring Officer will be billed through GGG at my standard rate of $425.00 per hour. I also

intend to use the services of certain associates and/or partners of GGG, whose rates range from $300 to $450 per hour, to assist me. None of these individuals are expected to assume any executive officer positions of the Debtor.

7.

Neither GGG nor I have agreed to share any compensation or reimbursement received in connection with this engagement with any other person or entity.

8.

I believe that the retention of GGG under the terms outlined in this Declaration and in the Application would be in the best interest of the Debtor and its creditors.

9.

If any new relevant facts or relationships are discovered or arise, I will promptly file a supplemental declaration.

In accordance with 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the foregoing is true and correct.

This 29th day of March, 2024.

_____

RICHARD B. GAUDET

G:\CLIENTS\Stalwart Plastics, Inc\Chapter 11\Expedited Hearing\Application to Employ GGG as CRO (for upload 03.29.24) - Exhibit B - Declaration.docx

## Exhibit

**Richard B. Gaudet**
**Curriculum Vitae**

With over forty years of experience in commercial banking, distressed debt management, and corporate turnaround, Richard leads a financial advisory practice providing services to a wide range of clients including business owners, real estate developers, and community and regional banks.

- Sell side and buy side merger and acquisition
- Settlement/restructure negotiations with lenders, trade creditors, and the Internal Revenue Service on commercial and real estate transactions.
- Chief Restructuring Officer (Bankruptcy and non-Bankruptcy)
- Chief Financial Officer (Bankruptcy and non-Bankruptcy)
- Bankruptcy advisory, representing both debtors and creditor committees
- Community Bank advisory in re-capitalization, holding company restructure, audit and regulatory exam preparation, distressed debt management, and board level strategic planning.
- Loan and ORE Portfolio valuation for purposes of FDIC assisted acquisitions and loss reserve validation.
- Advise community and regional banks in Loss Share procedures and implementation of accounting and reporting protocol under Loss Share.
- State court receivership
- Assignee under Georgia assignment for the benefit of creditors
- Distressed debt acquisition and servicing
- Sale of distressed debt
- Corporate liquidations
- Dispute resolution
- Expert Witness testimony on matters involving distressed asset resolution and Banking practices.
- Expert Witness on cram-down interest rates and plan feasibility

Having represented both debtors and creditors in complex negotiations, Richard understands the goals of both parties in a negotiation and is able to quickly bring the parties to an amicable and workable agreement.

## **Relevant Experience**

**GGG Partners, LLC** - 2020 – Present
**Partner, Atlanta, Georgia**

Financial Advisory Practice focused on distressed asset resolution and corporate turnaround, including debt restructure, bankruptcy, and chief restructuring officer ("CRO") services. Additionally, the practice includes expert witness services related to banking practices, bankruptcy plan feasibility and cramdown interest rates.

## Richard Gaudet


### Relevant Experience – Continued


**HDH Advisors, LLC** - 2013 – 2020
**Managing Director, Atlanta, Georgia**

Financial Advisory Practice focused on distressed asset resolution and corporate turnaround, including debt restructure, bankruptcy, and chief restructuring officer ("CRO") services. Additionally, the practice represents community bank clients in the strategic planning for economic recovery in changing market and regulatory environments.


**GlassRatner Advisory & Capital Group** 2004-2013
**Principal, Atlanta, Georgia**

Managed a broad based financial advisory practice providing services to over 300 clients. While at GlassRatner, Richard developed a significant regional advisory practice servicing clients in a wide range of industries throughout the Eastern United States in the resolution of distressed debt totaling in excess of $20 Billion. The practice served a diverse client base consisting of real estate developers and investors, manufacturing companies, banks, and the FDIC.


**Wachovia Bank, N.A.**

  **Manager Special Assets,** 1997 - 2004
Managed special assets department with emphasis on credit quality improvement, loss mitigation and client retention.  Consistently delivered resolution and efficiency rates above the corporate average.

- Criticized asset resolutions of over $1 Billion with net losses of under $35 Million.
- Client retention rate of 65% on commercial accounts in excess of $5 Million.
- Lowest average overhead ratio in the corporation with average cost of resolution per asset of under $1,000.
- No employee turnover versus a division average of 12% per annum.
- Managed non-loan defensive litigation resulting in settlement of several complex claims totaling over $100 Million with total settlement costs of under $5 Million.
- Developed departmental expertise to offer consultation to line bankers in a wide range of areas including cash management, securitized lending, probate, and non-conventional loan structuring.
- Instituted a proactive approach for early identification of problem accounts which enabled Special Assets to become involved in the early stages of a problem, thus improving the probability that relationships could be salvaged rather than liquidated.

## Richard Gaudet

### Business Process Analyst, 1995-1997

Temporary assignment assisting in the design, development and successful deployment of a client server software application for use by special assets officers in the management of problem loans and OREO.  The intuitive nature of the system resulted in subsequent enhancement and adoption as the primary underwriting and portfolio management system of the commercial bank.

### Special Assets Officer, 1991-1995

Responsible for the successful collection, renegotiation, rehabilitation and/or liquidation of commercial, asset based, and real estate loans.  Additional responsibilities included the management of a $20 Million portfolio of charged off commercial loans and acting as bulk sale coordinator of four sales totaling $200 Million.

## Hibernia National Bank 1984 -1991
## Baton Rouge, Louisiana

### Special Assets Officer, 1985-1991

Managed a Special Asset portfolio with emphasis on commercial loans and residential real estate developments.  Additional responsibilities included the formation and administration of a residential construction loan department; co-chairmanship of the special asset division loan committee; membership on the real estate, commercial and senior loan committees; development of an asset based lending policy and residential construction lending policy; and part time membership on the merger and acquisition team.

### Loan Review Officer, 1985

Annual review and risk rating of commercial and real estate loans and developed and implemented a loan officer assessment program which analyzed overall quality, profitability, industry and collateral concentrations, and policy compliance of specific portfolios within the bank.

### Commercial Loan Analyst, 1984-1985

Provided assistance to commercial and real estate loan officers in the underwriting and preparation of loan packages for credit requests in excess of $1 Million.  Formal credit training was provided under the bank's loan officer training program.

## Various Banks 1978 – 1984
## Baton Rouge, Louisiana

While in high school and college, held one or more positions at various community and regional banks including: transit courier, proof encoding, data processing, teller and consumer loan collector.

## Richard Gaudet

### Military Experience

**United States Army / Louisiana National Guard – Officer**
**Infantry Company Commander**
- Leadership responsibility for 120 soldiers and over $30 Million in equipment.
- Operation Desert Storm – 1990-1991.

**Staff Officer**
- Responsible for coordination of training and logistical support for a 950-man unit.

### Education and Professional Development

- Louisiana State University: **Commercial Banking**
- **AIB Instructor:** Analyzing Financial Statements; Business Financial Analysis
- **RMA Instructor:** RMA Omega Financial Statement Analysis
- Frequent speaking engagements at CLE and industry conferences on the topics of "Working with your Banker when there are problems" and "Understanding Loss Share"

# Richard Gaudet

## **Publications**

| | |
|---|---|
| 2009 | Real Estate Crisis or Leverage Crisis: Which Came First, the Chicken or the Egg, Insol 2009 |
| October 2009 | Real Estate's Next Crisis, Georgia Banks are Bracing for Major Hit, Atlanta Journal Constitution October 16, 2009 |
| May 2010 | Loss-Sharing Agreements between the FDIC and Acquiring Banks: Advice for the Borrower, American Bankruptcy Institute Journal |
| April 2010 | 'Jerk' Insurance Soothes Property Sellers amid Recovery Signs, Bloomberg.com |
| September 2010 | What You Need to Know about FDIC Loss Share Agreements, Florida Land Development News |
| January 2011 | Negotiation Strategies in Complex Debt Restructuring: One Part due Diligence, One Part Psychology and Two Parts Cooperation, Financier Worldwide January 2011 Issue |
| May 2011 | Why It Can Be an Advantage to 'Run Scared', Atlanta Business Chronicle |
| July 2011 | Riding Waves of Loss and Gains: Developers Pick up Pieces, Start Again. In Bad Times, a Good Track Record, Famous Name Pay Dividends, Atlanta Journal Constitution July 24, 2011 |
| November 2014 | Loss-Share Loophole, American Bankruptcy Institute Journal |
| January 2016 | Zero Times Something is Still Zero: Adapting *Till* to Unsecured Claims, American Bankruptcy Institute Journal |
| March 2016 | Un-*Till* We Get It Right: Applying Finance Industry Standards to Cram-down Rates, American Bankruptcy Law Journal, Volume 90, Issue 1 2016 |
| March 2017 | *Till* Realized: Calculating Objective Chapter 11 Cramdown Rates without Expert Testimony, AIRA Journal, Volume 31 No. 1 - 2017 |

# Richard Gaudet

### Representative Speaking Engagements

| | |
|---|---|
| March 2009 | NAHB Multifamily Pillars of the Industry Conference and Awards Gala, |
| June 2010 | Teleconference: FDIC Structured Sales - $1.97B on the Block |
| October 2010 | Consumer and Business Bankruptcy – Intersection of Receivership and Bankruptcy |
| November 2010 | ICLE Real Property Foreclosure Seminar – FDIC Loss Share and Banking Transitional Issues |
| December 2011 | Commercial Real Estate Fall Seminar – Loss Share Agreements between the FDIC and Banks; Advice for the Borrower |
| February 2012 | Georgia Society of CPA's – The Leverage Crisis and its effect on today's business environment |
| November 2013 | ICLE Real Property Foreclosure Seminar – Red Hot Workout Trends |
| May 2015 | Real Property Law Institute – Commercial Real Estate Finance – Transaction Volume 2015 to 2017: Types and triggering events – How should you prepare your clients? |
| May 2015 | Turnaround Management Association – 2015 Southeast Regional Conference – Non-Traditional Debt Holders: Finding a Storm Shelter |
| July 2015 | American Bankruptcy Institute - Southeast Conference – It's all about that *Till*, Panelist |
| December 2015 | Mississippi Bankruptcy Bar Association – *Till v. SCS Credit Corp*, Panelist |
| April 2016 | Alexander L. Paskay Memorial Bankruptcy Seminar, Chapter 11 Cram-down Issues: The Pros and Cons of the 1111(b) Election, Panelist |
| November 2022 | Emory Law School – Seminar on Bankruptcy, Working with Financial Professionals. |

**Testimony Experience**

| | |
|---|---|
| September 2008 | **Chatham Investment Fund QP II, LLC and Chatham Investment Fund II, LLC v. Branch Banking and Trust Company and BB&T** |

Superior Court of Fulton County, State of Georgia
Case No. 2006-CV-127255
Evidence given at deposition
Retained by: Branch Banking and Trust Company and BB&T
Counsel: William J. Holley, II, Esq., Parker, Hudson, Rainer & Dobbs, LLC

| | |
|---|---|
| November 2009 | **Robert M Osborne, Jr., Donna Osborne, and DRI, LLC v. Darby Bank & Trust Co., Drayprop, LLC, Draypark, LLC, Michael Brown and Ruben Kroll** |

State Court of Chatham County, State of Georgia
Civil Action No: STCV0804464
Evidence given by deposition
Retained by: Darby Bank & Trust Co.
Counsel: R. Clay Ratterree, Esq., Ellis, Painter, Ratterree, & Adams, LLP

| | |
|---|---|
| February 2009 | **Vallambrosa Holdings, LLC** |

U.S Bankruptcy Court for the Southern District of Georgia, Savannah Division
Case No. 08-40791
Evidence given by report, deposition and at trial
Retained by: Canpartners Realty Holding Company IV, LLC
Counsel: Denise D. Dell-Powell, Esq., Ackerman Senterfitt

| | |
|---|---|
| November 2010 | **North Bay Village, LLC** |

U.S. Bankruptcy Court for the Middle District of Florida, Ft. Myers Division
Case No. 10-03090
Evidence given by deposition
Retained by: CW Capital Asset Management LLC
Counsel: Denise D. Dell-Powell, Esq., Burr & Forman, LLP

| | |
|---|---|
| June 2011 | **Fourth Quarter Properties, et al** |

U.S. Bankruptcy Court for the Northern District of Georgia, Newnan Division
Case No. 09-13960-WHD
Evidence given by Report
Retained by: Fourth Quarter Properties, LLC
Counsel: Ward Stone Jr., Esq., Stone & Baxter, LLP

**Testimony Experience**

| | |
|---|---|
| January 2012 | **Federal Deposit Insurance Corporation, In its Capacity as Receiver of Integrity Bank of Alpharetta, Georgia v. Jampol, Schleicher, Jacobs & Papadakis, L.L.P., and Michael E. Jacobs, Esq.** |

United States District Court, Northern District of Georgia, Atlanta Division
Case No. 1:10-CV-3382-RLV
Evidence given by report and deposition, August 8, 2011 – January 9, 2012
Retained by: Jampol, Schleicher, Jacobs & Papadakis, L.L.P., and Michael E. Jacobs, Esq.
Counsel: Matthew G. McLaughlin, Esq., Hawkins Parnell Thackston & Young, LLP

| | |
|---|---|
| March 2012 | **Security Federal Bank v. Custom Mechanical CSRA, LLC, Custom Mechanical CSRA, Inc., Custom Industrial Services, LLC, Custom Machine and Welding, Inc., Danny L. Key, Dean H. Durand, Joy B. Durand, Janice W. Herrington, Presidential Financial Corporation, the South Carolina Department of Revenue, an agency of the State of South Carolina, Charleston Rigging and Marine, and Ferguson Enterprises, Inc.** |

South Carolina Court of Common Pleas, Second Judicial Circuit
Case No. 2009-CP-02-02812
Evidence given at deposition and at trial
May 10, 2011 - March 15, 2012
Retained by: Presidential Financial Corporation
Counsel: David Marmins, Esq., Balch & Bingham

| | |
|---|---|
| March 2012 | **Fairgreen Capital, LP, Fairgreen Edenwood, LLC, Fairgreen North Paulding, LLC, Fairgreen Great Sky, LLC, Fairgreen Mirror Lake, LLC, Fairgreen Homes, LLC, and Stricklin Capital, Inc.** |

United States Bankruptcy Court, Northern District of Georgia, Rome Division
Case Nos. 11-40242-mgd; 11-40240-mgd; 11-40241-mgd; 11-40243-mgd; 11-40245-mgd; 11-40246-mgd; 11-40247-mgd
Evidence given by testimony
Retained by: Fairgreen Capital, L.P. et al.
Counsel: Karen Fagin White, Esq., Cohen Pollock Merlin & Small

**Testimony Experience**

March 2012 **Rahim Sabadia, an individual; Rahim Sabadia and Nafees El Batool, as Trustees of the Sabadia Family Trust dated December 31, 1996, as amended on July 15, 2005, Ishtiaq Khan, as Trustee of The Sabadia Family Irrevocable Trust v. Holland & Knight LLP, a Florida limited liability partnership; and Does 1 through 50, inclusive**

Superior Court of the State of California, County of Los Angeles
Case No. BC438701
Evidence given by deposition, December 21, 2011 – March 1, 2012
Retained by: Holland & Knight, LLP
Counsel: John P. Klinedinst, Esq., Klinedinst PC

March 2012 **Trinidad and Tobago Unit Trust Corporation v. CB Richard Ellis, Inc., and Kent S. Kerr**

United States District Court, Southern District of Florida, Miami Division
Case No. 11-CV-20022-Martinez/McAliley
Evidence given by report, December 23, 2011- March 21, 2012
Retained By: CB Richard Ellis, Inc.
Counsel: Thomas J. Meeks, Esq., Carlton Fields

April 2012 **BBC Partners, LLC, and RM Kids, LLC v. Old Republic National Title Insurance Company, Womble, Carlyle, Sandridge & Rice, PLLC, Richard S. Abram, The Abram Law Group, LLC, Investors Title Agency of Georgia LLC, North Coast Title, LLC, & Columbia Engineering and Services, Inc. Cheryl Medley, Investors Managing Member Does (1-5), Womble Managing Member Does (1-15)**

Superior Court of Gwinnett County, State of Georgia
Case No. 10A09956-8
Evidence given by report
Retained By: Richard S. Abram, the Abram Law Group, LLC, North Coast Title, LLC, and Cheryl Medley
Counsel: Shannon M. Sprinkle, Esq., Carlock, Copeland & Stair, LLP

April 2012 **John Scott and JRCCS Holdings, L.P. v. Bank of America N.A.**

Superior Court of Fulton County, State of Georgia
Case No. 210-CV-191358
Evidence given by report and deposition, September 1, 2011- April 9, 2012
Retained by: Bank of America N.A.
Counsel: Simon Malko, Esq., Morris Manning & Martin, LLP

**Testimony Experience**

| | |
|---|---|
| May 2012 | **Alexander SRP Apartments, LLC**<br><br>U.S. Bankruptcy Court for the Southern District of Georgia, Brunswick Division<br>Case No. 12-20272-LWD<br>Evidence given by Report<br>Retained by: Alexander SRP Apartments, LLC<br>Counsel: Laura Woodson, Esq., Scroggins & Williamson, P.C. |
| September 2012 | **TCC, Inc. v. TSO Cigar Factory, LLC, et al. ; Federal Deposit Insurance Corporation as Receiver for Silverton Bank, N.A., Counter-Plaintiff, Cross-Plaintiff, and Third-Party Plaintiff, v. TCC, Inc., Counter-Defendant, TSO Cigar Factory, Cross Defendant, and Trident Construction Co. Inc., and A. Boyd Simpson, Third-Party Defendants.**<br><br>United States District Court, District of South Carolina, Charleston Division<br>Case No. 2:10-CV-02508-RMG and 2-10-CV002508-WOB-BM<br>Evidence given by report and deposition, October 12, 2011- September 10, 2012<br>Retained by: TSO Cigar Factory, LLC<br>Counsel: Brewton Hagood, Esq., Rosen, Rosen & Hagood, LLC |
| January 2013 | **John A. Whigham and Rebecca K. Whigham; and Springfield Properties, LLLP**<br><br>U.S. Bankruptcy Court for the Southern District of Georgia, Dublin Division<br>Case No. 12-30124-JSD and 12-30123-JSD<br>Evidence given by Deposition<br>Retained By: John A. Whigham<br>Counsel: Ward Stone Jr., Esq., Stone & Baxter, LLP |
| March 2013 | **LS Mtron, as successor to LS Cable v. Textron Financial Corporation, and James C. Marrow, as Receiver for Farmtrac North America, LLC**<br><br>Superior Court of Edgecombe County, State of North Carolina<br>Case No. 09-CVS-1539<br>Evidence given by affidavit, December 27, 2012 – March 27, 2013<br>Retained By: Textron Financial Corporation<br>Counsel: Ronald S. Coleman, Esq., Parker, Hudson, Rainer & Dobbs, LLC |

**Testimony Experience**

| | |
|---|---|
| March 2013 | **TIB - The Independent Bankers Bank v. 2010-1 SFG Venture, LLC, Houston Galleria Hotel Owner, LLC, and Square Mile Capital Management, LLC** |

Superior Court of Fulton County, State of Georgia
Case No. 2011CV209110
Evidence given by report, September 28, 2012 – March 28, 2013
Retained by: Square Mile Capital Management, LLC
Counsel: Robert P. Alpert, Esq., Morris, Manning & Martin, LLP

| | |
|---|---|
| March 2013 | **First American Title Insurance Company v. Apex Title, Inc.; The Law Office of Michael A. Eddings, P.C.; Michael A. Eddings, Individually; Sonya Eddings; Columbus Bank and Trust Company, a division of Synovus Bank; Uptown Fish House, LLC; and Eddings Holdings, Inc.; d/b/a The Coffee Beanery** |

United States District Court, Middle District of Georgia, Columbus Division
Case No. 4:12-CV-10 (CDL)
Evidence given by report and deposition
Retained By: First American Title Insurance Company
Counsel: Jeff Schneider, Esq., Weissman, Nowack, Curry & Wilco, P.C.

| | |
|---|---|
| April 2013 | **Deborah C. Menotte, Trustee for the Estates of First NLC Financial Services, LLC, NLC, Inc., and First NLC, Inc. v. Neal S. Henschel, Jeffrey M. Henschel, and Thomas J. Allison** |

Circuit Court of the 15th Judicial Court in and for Palm Beach County, Florida
Case No. 50 2009 CA 023865 XXXXMBAB
Evidence given by report and deposition, October 15, 2012- April 8, 2013
Retained by: Deborah C. Menotte, Trustee
Counsel: Phillip R. Stein, Esq., Bilzin Sumberg Baena Price & Axelrod, LLP

| | |
|---|---|
| June 2013 | **K.H. Thomas Associates, LLC, Plaintiff, vs. CBRE, INC., f/k/a CB Richard Ellis, Inc. Defendant** |

United States District Court, Southern District of Florida
Case No. 12-cv-23750-CMA
Evidence given by Report
Retained By: CB Richard Ellis, Inc.
Counsel: Hardy L. Roberts, Esq., Carlton Fields

**Testimony Experience**

| July 2013 | **SE Property Holdings, LLC, as successor by merger with Vision Bank, ("Plaintiff") vs. GulfSouth Private Bank, First NBC Bank, The Bank of Vernon, and HCB Financial Corp ("Defendants")** |
|---|---|

United States District Court, Northern District of Florida, Pensacola Division
Case No. 13-cv-6-MCR-CJK
Evidence given by Report and Deposition
Retained By: HCB Financial Corp
Counsel: Robin Cheatham, Esq., Adams and Reese, LLP

| September 2013 | **USA Broadmoor, LLC a/k/a Broadmoor Apartments** |
|---|---|

United States Bankruptcy Court, Middle District of Florida, Tampa Division
Case No. 8:13-bk-4880-MGW
Evidence given by Report
Retained By: USA Broadmoor, LLC
Counsel: Edward Peterson, Esq., Stichter, Riedel, Blain & Postler P.A.

| October 2013 | **Federal Deposit Insurance Corporation. As Receiver for Alpha Bank & Trust, ("Plaintiff") vs. James A. Blackwell, Jr., Joseph L. Briner (nominally, to the extent of insurance policy coverage only), Dan E. Burge, Claud E. Clark, Thomas D. Daniel, Robert E. Garrison, Barry E. Mansell, Jack V. Miller, Jayantilal K. Miller, Robert E. Skeen, III, and D. Michael Sleeth. ("Defendants")** |
|---|---|

United States District Court, Northern District of Georgia, Atlanta Division
Case No. 1:1-CV-3423
Evidence given by Report and Deposition
Retained By: Defendants
Counsel: Mary Lillian Walker, Esq., Hudson Parrot Walker, LLC

| November 2013 | **Federal Deposit Insurance Corporation, as Receiver for First Piedmont Bank ("FDIC") vs. William H. Whitley, Rodney H. Broach, Donnie C. Canup, Garey H. Huff, Jerry M. Maynard, and W. Leeon Pruett ("Defendants")** |
|---|---|

United States District Court, Northern District of Georgia, Gainesville Division
Case No. 2:12-CV-170
Evidence given by Report
Retained By: Defendants
Counsel: Mary Lillian Walker, Esq., Hudson Parrot Walker, LLC

**Testimony Experience**

December 2013       **Bank of Camden (Plaintiff) vs. State Bank and Trust Company (Defendant)**
United States District Court, Middle District of Georgia, Macon Division
Case No. 5:13-CV-21
Evidence given by Report and Deposition
Retained By: Plaintiff
Counsel: Scott M. Ratchick, Esq., Chamberlain, Hrdlicka, White, Williams & Aughtry LLP

January 2014        **BRANCH BANKING AND TRUST COMPANY, successor-in-interest to COLONIAL BANK by acquisition of assets from the FDIC as Receiver for Colonial Bank, a North Carolina banking corporation organized and in good standing under the laws of the State of North Carolina, Plaintiff, vs. EMA GOMEZ-MITCHELL, individually; FABIANA J. ALFARO, individually; JAMES M. SHADLAUS, individually; and KATIUSHKA C. LOZANODEPOSADA, individually; DOE individuals I through X; and ROE Corporations and Organizations I through V, inclusive, Defendants**
District Court, Clark County, State of Nevada
Case No. A-13-682113-C; Dept: II
Evidence given by Report
Retained By: James M. Shadlaus
Counsel: Frank Flansburg, III, Esq., Marquis Aurbach Coffing

January 2014        **BRANCH BANKING AND TRUST COMPANY, successor-in-interest to COLONIAL BANK by acquisition of assets from the FDIC as Receiver for Colonial Bank, a North Carolina banking corporation organized and in good standing under the laws of the State of North Carolina, Plaintiff, vs. DAVID M. FRANK, individually and as trustee of THE DAVID M. FRANK 2004 REVOCABLE INTER VIVOS TRUST dated December 31, 2004; KAVEH KEVIN GOLSHAN, individually; MOUSSA GOLSHAN, as Trustee of the AGA IRREVOCABLE TRUST dated December 7, 1995; THE MERRILL COMPANIES, LLC, a California Limited Liability Company; FIESTA STATION REAL ESTATE HOLDINGS, LLC, a Nevada Limited Liability Company; AGA, LLC, a California Limited Liability Company; GERALDINE WEBER, an individual; and DOE individuals I through X; and ROE Corporations and Organizations I through V, inclusive, Defendants**
United States District Court, Middle District of Nevada
Case No. 2:11-CV-01366-JCM-CWH
Evidence given by Report
Retained By: Defendant
Counsel: Frank Flansburg, III, Esq., Marquis Aurbach Coffing

**Testimony Experience**

February 2014      **KEY EQUIPMENT FINANCE, INC. (Plaintiff) vs. GEORGE D. OVEREND, FRANKLIN B. TRELL, and CAROL C. OVEREND, AS TRUSTEE OF THE CAROL C. OVEREND REVOCABLE TRUST (Defendant)**

United States District Court, Northern District of Georgia, Atlanta Division
Case No. 1:12-CV-2473-CAP
Evidence given by Affidavit, Deposition, and Testimony
Retained By: Defendant
Counsel:  Elizabeth B. Hodges, Esq., Cohen Pollock Merlin & Small, P.C.

March 2014      **431 W. PONCE DE LEON, LLC; CARTEL PROPERTIES SPALDING WOODS, LLC; 525 MORELAND AVENUE, LLC; CARTEL PROPERTIES II, LLC; ROHRIG INVESTMENTS, LP, et al.; ROHRIG POLLACK, LLC**

U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division
Case Nos. 13-53479-BEM; 13-53481-BEM; 13-53482-BEM; 13-53480-BEM; 13-53483-BEM; 13-53485-BEM
Evidence given by Report. Deposition, and Testimony
Retained By: Rohrig, etal
Counsel: Ward Stone Jr., Esq., Stone & Baxter, LLP

April 2014      **SCHEFFLER FAMILY LIMITED PARTNERSHIP, a Nevada Limited Partnership; GRAPHICSLAND, LTD., a Nevada Limited Liability Company; WAGON TRAIL LAND, LLC, a Nevada Limited Liability Company; WHITE OAKS MANAGEMENT, INC., a Nevada Corporation; SCHEFFLER LEGACY LIMITED PARTNERSHIP, a Nevada Limited Liability Partnership; LARRY SCHEFFLER, an individual; HELEN SCHEFFLERBRIDGES, an individual; and TIMOTHY SCHEFFLER, an individual, Plaintiff, v. BRANCH BANKING AND TRUST COMPANY, a North Carolina Corporation; and DOES individuals I through X; and ROE Corporations and Organizations I through V, inclusive, Defendants.**

District Court, Clark County, State of Nevada
Case No. A-12-673690-C; Dept: I
Evidence given by Report and deposition
Retained By: Scheffler Family Limited Partnership
Counsel: Eric Dobberstein, Esq., Dickinson Wright PLLC

**Testimony Experience**

May 2014        **BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, Plaintiff, v. REGENA HOMES, LLC, a Nevada limited liability company; YOEL INY, an individual; NOAM SCHWARTZ, an individual; YOEL INY, Trustee of the Y &T INY FAMILY TRUST dated June 8, 1994, as amended; NOAM SCHWARTZ, Trustee of the NOAM SCHWARTZ TRUST dated August 19, 1999; D.M.S.I., LLC, a Nevada limited liability company; GREAT AMERICAN CAPITAL, a Nevada corporation; and DOES 1 through 10, inclusive, Defendants.**
United States District Court, District of Nevada
Case No. 2:12-CV-00451-JAD-GWF
Evidence given by Declaration
Retained By: Regina Homes, LLC
Counsel: Janet L. Rosales, Esq., Kolesar & Leatham

May 2014        **BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, Plaintiff, v. YOEL INY, NOAM SCHWARTZ, YOEL INY, Trustee of the Y&T INY Family Trust dated June 8, 1994, as amended, NOAM SCHWARTZ, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC, a Nevada Limited-Liability Company; and DOES 1 through 10, inclusive. Defendants,**
United States District Court, District of Nevada
Case No. 2:11-CV-01777-MMD-VCF
Evidence given by Report and deposition
Retained By: Yoel Iny, Noam Schwartz, Yoel Iny, Trustee of the Y&T Iny Family Trust dated June 8, 1994, as amended, Noam Schwartz, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC
Counsel: Janet L. Rosales, Esq., Kolesar & Leatham

May 2014        **BRANCH BANKING AND TRUST COMPANY, Successor in interest to Colonial Bank, by asset acquisition from the FDIC, as receiver for Colonial Bank, Plaintiff v. SOUTH FORK RESOURCES LLC, formerly known as South Fork Development LLC, and ALFRED L. AMATO, Defendants,**
Supreme Court of the State of New York, County of Nassau
Case No. 10/012563
Evidence given by Affidavit, report and deposition
Retained By: Alfred L. Amato
Counsel: Gary Ettelman, Esq.  Ettelman & Hochheiser, P.C.

**Testimony Experience**

| | |
|---|---|
| June 2014 | **EAGLE GA I SPE v. FELDWOOD ROAD**<br>Superior Court of Fulton County, State of Georgia<br>Case No. 2013CV240807<br>Evidence given by Testimony<br>Retained By: Feldwood Road, LLC<br>Counsel: Simon Bloom, Esq., The Bloom Law firm |
| June 2014 | **BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, Plaintiff, v. BARRY A. FORD, an individual; WILLIAM SOUSA, an individual; JUDY SOUSA, an individual; TROPICANA PARTNERS 2, LLC, a Nevada Limited Liability Corporation; and DOES I through X and Corporations, I through X, inclusive. Defendants,**<br>District Court, Clark County, Nevada<br>Case No. A-11-640113-C; A-11-640116-C; and A-11-640117-C (Consolidated)<br>Evidence given by Report<br>Retained By: William Sousa<br>Counsel: Wayne A. Silver, Esq. |
| June 2014 | **BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, Plaintiff, v. 27TH & SOUTHERN HOLDING, LLC. A Nevada limited liability company; YOEL INY, NOAM SCHWARTZ, YOEL INY, Trustee of the Y&T INY Family Trust dated June 8, 1994, NOAM SCHWARTZ, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive. Defendants,**<br>United States District Court, District of Nevada<br>Case No. 2:12-CV-01781-LRH-PAL<br>Evidence given by Report and deposition<br>Retained By: 27th & Southern Holding, LLC, Yoel Iny, Noam Schwartz, Yoel Iny, Trustee of the Y&T Iny Family Trust dated June 8, 1994, Noam Schwartz, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC<br>Counsel: E. Daniel Kidd, Esq., Kolesar & Leatham |

**Testimony Experience**

| | |
|---|---|
| June 2014 | **BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, Plaintiff, v. ELOY BUSINESS PARK, LLC. A Nevada limited liability company; YOEL INY, NOAM SCHWARTZ, YOEL INY, Trustee of the Y&T INY Family Trust dated June 8, 1994, NOAM SCHWARTZ, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive. Defendants,**<br>United States District Court, District of Nevada<br>Case No. 2:12-CV-01679-LRH-PAL<br>Evidence given by Report and deposition<br>Retained By: Eloy Business Park, LLC, Yoel Iny, Noam Schwartz, Yoel Iny, Trustee of the Y&T Iny Family Trust dated June 8, 1994, Noam Schwartz, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC<br>Counsel: E. Daniel Kidd, Esq., Kolesar & Leatham |
| June 2014 | **BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, Plaintiff, v. PEBBLE CREEK PLAZA PAD, LLC. A Nevada limited liability company; YOEL INY, NOAM SCHWARTZ, YOEL INY, Trustee of the Y&T INY Family Trust dated June 8, 1994, NOAM SCHWARTZ, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive. Defendants,**<br>United States District Court, District of Nevada<br>Case No. 2:12-CV-01736-MMD-CWH<br>Evidence given by Report and deposition<br>Retained By: Pebble Creek Plaza Pad, LLC, Yoel Iny, Noam Schwartz, Yoel Iny, Trustee of the Y&T Iny Family Trust dated June 8, 1994, Noam Schwartz, Trustee of the Noam Schwartz Trust, dated August 19, 1999, and D.M.S.I., LLC<br>Counsel: E. Daniel Kidd, Esq., Kolesar & Leatham |
| July 2014 | **FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina banking corporation, Plaintiff, v. PHILLIPS P. YEE, also known as PHIL YEE, and individual; and DOES 1 through 100, inclusive, Defendants.**<br>Superior Court of California, County of Alameda<br>Case No. RG 12647373<br>Evidence given by Report<br>Retained By: Phillips P. Yee<br>Counsel: Len Mastromonaco, Esq., Mastromonaco Real Property Law Group |

**Testimony Experience**

July 2014 **EMD, LLC**
United States Bankruptcy Court, Northern District of Georgia, Newnan Division
Case No. 13-10607
Evidence given by report and testimony
Retained By: EMD, LLC
Counsel: Ward Stone Jr., Esq., Stone & Baxter, LLP

August 2014 **VILLAS AT SPRING HILL, LTD**
United States Bankruptcy Court, Middle District of Florida, Tampa Division
Case No. 8:14-bk-06684-MGW
Evidence given by report
Retained By: Villas at Spring Hill, Ltd.
Counsel: Howard DuBosar, Esq., DuBosar Navon, PLLC

September 2014 **HAMILTON STATE BANK, Plaintiff, v. SOUTH POINT RETAIL PARTNERS, LLC, RICHFIELD DEVELOPMENT CORPORATION, J.H. CHILDS COMPANY, L.P., SONID CORPORATION, RICHARD LESTER, individually, JAMES M. BAKER, individually, and JOHN L. DIMOS, individually, Defendants**
State Court of Fulton County, Georgia
Case No. 13EV018343Y
Evidence given by Deposition and Affidavit
Retained By: South Point Retail Partners, LLC
Counsel: Jimmy L. Paul, Esq., Chamberlain, Hrdlicka, White, Williams & Aughtry

October 2014 **DA REALTY HOLDINGS, LLC and EASTERN MANAGEMENT & FINANCIAL, LLC, Plaintiff, v. TENNESSEE LAND CONSULTANTS, LLC and SCOTT M. BORUFF, Defendants.**
United States District Court, Northern District of Georgia, Gainesville Division
Case No. 2:13-CV-00191-WCO
Evidence given by Report
Retained By: Scott M. Boruff
Counsel: Aaron Tady, Esq., Coles Barton LLP

**Testimony Experience**

| | |
|---|---|
| November 2014 | **SCRUB ISLAND DEVELOPMENT GROUP LIMITED, Jointly Administered with SCRUB ISLAND CONSTRUCTION LIMITED**<br>United States Bankruptcy Court, Middle District of Florida, Tampa Division<br>Case No. 8:13-bk-15285-MGW and 8:13-bk-15286-MGW<br>Evidence given by Report, Deposition, and Testimony<br>Appointed as Plan Administrator<br>Retained By: Debtor<br>Counsel: Harley Riedel, Esq., Stichter, Riedel, Blain & Postler P.A. |
| December 2014 | **HAMILTON STATE BANK, Plaintiff, v. AMLFH, LLLP AND ANN M. LASSITER, Defendants**<br>State Court of Cobb County, Georgia<br>Case No. 2013A-2105-3<br>Evidence given by Affidavit<br>Retained By: AMLFH, LLLP<br>Counsel: Jimmy L. Paul, Esq., Chamberlain, Hrdlicka, White, Williams & Aughtry |
| January 2015 | **ANTARAMIAN PROPERTIES, LLC, Jointly Administered with ANTARAMIAN FAMILY, LLC and ANTARAMIAN FAMILY TRUST**<br>United States Bankruptcy Court, Middle District of Florida, Fort Myers Division<br>Case No. 9:14-bk-10145-CED, 9:14-bk-10146-CED, and 9:14-bk-10148-CED<br>Evidence given by Report<br>Retained By: Naples Bay Financial Holdings, LLC; Knightsbridge Partners of Naples, LLC; NBR Shoppes, LLC; and PZS Group<br>Counsel:     Ed Rice, Esq., Glenn Rasmussen, P.A.<br>Jordi Guso, Esq., Berger Singerman, LLP<br>Robert D. W. Landon III, Esq., Kenny Nachwalter, P.A.<br>Bryan T. West, Esq., Akerman, LLP |
| July 2015 | **HAMILTON STATE BANK, Plaintiff, v. JONES & BLACK DEVELOPMENT, LLC, MARKETPLACE STOREFRONTS, LLC, and TIMOTHY P. JONES, Defendants**<br>Superior Court of Henry County, Georgia<br>Case No. 14-CV-0614-JRP<br>Evidence given by Affidavit<br>Retained By: Jones & Black Development, LLC<br>Counsel: Ron Quigley, Esq., Davis, Matthews & Quigley, P.C. |

**Testimony Experience**

September 2015      **FRENCH QUARTER TAMPA LIMITED PARTNERSHIP, a/k/a FRENCH QUARTER APARTMENTS**
United States Bankruptcy Court, Middle District of Florida, Tampa Division
Case No. 8:13-bk-7584-KRM
Evidence given by Testimony
Retained By: Debtor
Counsel: Scott A. Stichter, Esq., Stichter, Riedel, Blain & Postler P.A.

October 2015      **ALBANY WESTWIND, LTD**
United States Bankruptcy Court, Middle District of Florida, Jacksonville Division
Case No. 3:15-bk-836-JAF
Evidence given by Report
Retained By: Debtor
Counsel: Richard R. Thames, Esq., Thames, Markey & Heekin, P.A.

November 2015      **Kraz, LLC**
United States Bankruptcy Court, Middle District of Florida, Tampa Division
Case No. 8:15-bk-07039-MGW
Evidence given by Report, deposition and testimony
Retained By: Debtor
Counsel: Stephen R. Leslie, Esq., Stichter, Riedel, Blain & Postler P.A.

March 2016      **Higher Living Christian Church, Inc.**
United States Bankruptcy Court, Northern District of Georgia, Atlanta Division
Case No. 15-50256-PWB
Evidence given by Report
Retained By: Debtor
Counsel: Anna M. Humnicky, Esq., Cohen Pollock Merlin & Small, P.C.

May 2016      **Eagle SPE NV 1, INC., a North Carolina Corporation, Plaintiff, v. SOUTHERN HIGHLANDS DEVELOPMENT CORPORATION, a Nevada corporation; OLYMPIA GROUP, LLC, a Nevada limited liability company; OLYMPIA LAND CORPORATION, a Nevada corporation; GARRY GOETT, an individual; GUY INZALZCO, an individual; GOETT FAMILY TRUST dated September 4, 1987, as amended and restated; INZALACO FAMILY TRUST dated November 7, 1997, as amended; and DOES 1 through 10, inclusive. Defendants**
United States District Court, District of Nevada
Case No. 2:12-CV-00550-LRH-PAL
Evidence given by Report and deposition
Retained By: Defendants
Counsel: Mona Kaveh, Esq., Kemp, Jones & Coulthard, LLP

**Testimony Experience**

| | |
|---|---|
| July 2016 | **MCG CAPITAL CORPORATION and SOLUTIONS CAPITAL I, L.P., Plaintiffs, v. NEXBANK SECURITIES INC. d/b/a NEXBANK CAPITAL ADVISORS f/k/a BARRIER ADVISORS, BARRETT KINGSRITER, HUIBERT VERBEEK, ENGELBRECHT "BRETT" VERBEEK, JACK ORMBERGET, NIKKI HURST GIBSON, EHRHARDT KEEFE STEINER & HOTTMAN PC, EKS&H LLP, BELL NUNNALLY & MARTIN LLP, JOHN COLBY CRAIG, and REGIONS BANK, Defendants.**<br>District Court, Dallas County, Texas<br>Case No. DC-13-14628<br>Evidence given by Report<br>Retained By: Bell Nunnally & Martin, LLP<br>Counsel: Sherri T. Alexander, Esq., Polsinelli PC |
| November 2016 | **UNION BANK, N.A., Plaintiff v. SCOTT J. EDWARDS, an individual; and JOHN BECHTHOLT and MARION BECHTHOLT, husband and wife, Defendants.**<br>Superior Court of Washington for Pierce County<br>Case No. 13-2-10620-1<br>Evidence given by Report and Deposition<br>Retained By: Scott J. Edwards, John Bechtholt and Marion Bechtholt<br>Counsel: Shawn B. Rediger, Esq., Williams Kastner |
| December 2016 | **RENASANT BANK, INC., Plaintiff v. EARTHRESOURCES OF FRANKLIN COUNTY, LLC, CHARLES C. DINSMORE, and JOHN F. SMITHGALL, Defendants.**<br>United States District Court, Middle District of Georgia, Athens Division<br>Case No. 3:11-CV-00143-CDL<br>Evidence given by Affidavit<br>Retained By: John F. Smithgall<br>Counsel: John A. Christy, Esq., Schreeder, Wheeler & Flint, LLP |
| January 2017 | **HAMILTON STATE BANK, Plaintiff/Counterclaim-Defendant v. KELLY CAPITAL INVESTMENT, LLC, ROBERT D. COLLINS, WILLIAM M. COLLINS, CURTIS D. COLLINS III, ROBBIE L. MOORE, JR, and COLLINS & ASSOCIATES, LLP, Defendants/Counterclaimants.**<br>Superior Court of Fulton County, Georgia<br>Case No. 2013CV235782<br>Evidence given by Report<br>Retained By: Defendants<br>Counsel: John A. Christy, Esq., Schreeder, Wheeler & Flint, LLP |

**Testimony Experience**

March 2017        **ICMFG & Associates, Inc.**
United States Bankruptcy Court, Middle District of Florida, Tampa Division
Case No. 8:16-bk-6552-MGW
Evidence given by Report
Retained By: Debtor
Counsel: Susan Sharp, Esq., Stichter, Riedel, Blain & Postler P.A.

July 2017        **First California Bank, Plaintiff v. Greg Nester, Defendant**
Superior Court of California, County of San Luis Obispo
Case No. 110684
Evidence given by Declaration
Retained By: Debtor
Counsel: Christopher C. Lewi, Lewi Law

September 2017        **RONICAL INTERNATIONAL TRADING, LLC, a Florida limited liability company, f/k/a RONICAL INTERNATIONAL TRADING, INC., Plaintiff, v. RARE HOSPITALITY INTERNATIONAL, INC., a Georgia corporation, f/k/a LONGHORN STEAKS, INC., d/b/a LONGHORN STEAKHOUSE, Defendant**
Circuit Court of the Ninth Judicial District, in and for Orange County Florida.
Case No.: 2016-CA-005736-O
Evidence given by Report
Retained By: Plaintiff
Counsel: Tucker H. Byrd, Esq., Byrd Campbell, P.A.

November 2017        **ROBIN L. TURNER and EDRA D. TURNER, as co-trustees of the ROBIN L. TURNER TRUST dated January 9, 1997; SAMUEL JOHN MOLINARO, JR.; DONALD EUGENE RUTLEDGE; JOHN C. DELANEY, JR. & DEBRA ANN DELANEY JT TEN; AMBROSIA M. SHELLENBERGER & MICHAEL O. SHELLENBERGER JT TEN; Derivatively on behalf of CBOS BANKSHARES, INC., a Florida corporation, Plaintiffs, v. WILLIAM T. TAYLOR, HAROLD BISTLINE, and MAXWELL KING, Defendants, And CBOS BANKSHARES, INC., a Florida corporation, Nominal Defendant.**
Circuit Court of the Eighteenth Judicial District, in and for Brevard County Florida.
Case No.: 2016-CA-024995
Evidence given by Affidavit, Report and Deposition
Retained By: Robin L. Turner
Counsel: Tucker H. Byrd, Esq., Byrd Campbell, P.A.

**Testimony Experience**

| February 2018 | **WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP**<br>United States Bankruptcy Court, Middle District of Florida, Tampa Division<br>Case No. 8:16-bk-8168-MGW and 8:16-bk-8167-MGW (Jointly Administered)<br>Evidence given by Report, Deposition and Testimony<br>Retained By: Debtor<br>Counsel: Dan Fogarty, Esq., Stichter, Riedel, Blain & Postler P.A. |
|---|---|
| April 2018 | **PINNACLE BANK, Plaintiff v. THOMPSON, ROGERS & WILLIAMS, PLLC, Defendants.**<br>Circuit Court of Hamilton County, Tennessee<br>Case No. 15 C 651<br>Evidence given by Report<br>Retained By: Plaintiff<br>Counsel: Gary Patrick, Patrick, Beard, Schulman & Jacoway, P.C. |
| October 2018 | **TARA RETAIL GROUP, LLC**<br>United States Bankruptcy Court, Northern District of West Virginia<br>Case No. 1:17-bk-00057<br>Evidence given by Report, Deposition and Testimony<br>Retained By: Debtor<br>Counsel: Steven L. Thomas; Kay Casto & Chaney PLLC |
| January 2019 | **SOUTHERN PRODUCE DISTRIBUTORS, INC.**<br>United States Bankruptcy Court, Eastern District of North Carolina<br>Case No. 18-02010-5-SWH<br>Evidence given by Report<br>Retained By: ACF FinCo I LP<br>Counsel: Douglas R. Ghidina, Esq.; Moore & Van Allen |
| March 2019 | **AINA LE'A, INC.**<br>United States Bankruptcy Court, District of Hawaii<br>Case No. 17-00611<br>Evidence given by Report and Testimony<br>Retained By: Debtor<br>Counsel: Steve Jakubowski, Esq.; Robbins, Saloman & Patt LTD |
| June 2020 | **SUNCREST STONE PRODUCTS, LLC and 341 STONE PROPERTIES, LLC**<br>United States Bankruptcy Court, Middle District of Georgia, Albany Division<br>Case No. 18-10850-AEC<br>Evidence given by Report<br>Retained By: Debtor<br>Counsel: David L. Bury, Jr. Esq.; Stone & Baxter, LLP |

**Testimony Experience**

| | |
|---|---|
| June 2020 | **ROBERTS PROPERTY & HOLDINGS, LLC**<br>United States Bankruptcy Court, Middle District of Florida, Jacksonville Division<br>Case No. 3:19-bk-3409-JAF<br>Evidence given by Report<br>Retained By: BBVA USA<br>Counsel: Michael Nardella, Esq.; Nardella & Nardella, PLLC |
| July 2020 | **UNIVERSAL HEALTHCARE GROUP, INC., AMERICAN MANAGED CARE, SONEET KAPILA, as Chapter 11 Trustee v. WARBURG PINCUS, LLC; WARBURG PINCUS PRIVATE EQUITY FUND IX, L.P.; ALLEN WISE; and ALOK SANGHVI**<br>United States Bankruptcy Court, Middle District of Florida, Tampa Division<br>Adv. Proc. No. 8:15-ap-00132-KRM<br>Evidence given by Report and Deposition<br>Retained By: Warburg Pincus, LLC and Warburg Pincus Private Equity Fund IX, L.P.<br>Counsel: Keith Fendrick, Esq.; Holland & Knight LLP |
| August 2020 | **SEAWALK INVESTMENTS, LLC**<br>United States Bankruptcy Court, Middle District of Florida, Jacksonville Division<br>Case No. 3:19-bk-01010-JAF<br>Evidence given by Report and Testimony<br>Retained By: Seawalk Investments, LLC<br>Counsel: Robert Wilcox, Esq. Ponte Vedra Law Group |
| April 2021 | **YC Atlanta Hotel, LLC**<br>United States Bankruptcy Court, Northern District of Georgia, Atlanta Division<br>Case No. 21-50964-BEM<br>Evidence given by Testimony<br>Retained By: YC Atlanta Hotel, LLC<br>Counsel: David L. Bury, Jr. Esq.; Stone & Baxter, LLP |
| June 2021 | **STA VENTURES, LLC**<br>United States Bankruptcy Court, Northern District of Georgia, Atlanta Division<br>Case No. 20-66843-sms<br>Evidence given by Report<br>Retained By: STA Ventures, LLC<br>Counsel: Jimmy L. Paul, Esq. Chamberlain, Hrdlicka, White, Williams & Aughtry |

**Testimony Experience**

| | |
|---|---|
| December 2021 | **The Formetal Company, LLC**<br>United States Bankruptcy Court, Northern District of Georgia, Atlanta Division<br>Case No. 21-55029-pwb<br>Evidence given by Report<br>Retained By: Two Many Lawyers, LLC<br>Counsel: David Wender, Esq.; Alston & Bird, LLP |
| January 2022 | **Omkar Hotels, Inc.**<br>United States Bankruptcy Court, Middle District of Florida, Jacksonville Division<br>Case No. 3:21-bk-01418-RCT<br>Evidence given by Report and Testimony<br>Retained By: Omkar Hotels, Inc.<br>Counsel: David L. Bury, Jr. Esq.; Stone & Baxter, LLP |
| February 2022 | **ORIGIN BANK F/K/A COMMUNITY TRUST BANK v. HAVEN CAMPUS COMMUNITIES – STARKVILLE, LLC, STEPHEN H. WHISENANT, GUARANTOR, JOHN A. WILLIAMS, JR., GUARANTOR, WATKINS J. BLANE, JR. GUARANTOR, AND MARK BOUTWELL, GUARANTOR**<br>United States District Court for the Southern District of Mississippi, Northern Division<br>Case No. 3:21-CV-61-TSL-MTP<br>Evidence given by Testimony<br>Retained By: Stephen Whisenant<br>Counsel: Craig M. Geno, Esq, Law Offices of Craig M. Geno, PLLC |
| February 2022 | **AMERIS BANK AND AMERIS BANCORP V. WILLIAM J. VILLARI, AND JORDAN VILLARI AND JOHN DOE, AS TRUSTEES OF THE VILLARI FAMILY GIFT TRUST**<br>Superior Court of Dekalb County, State of Georgia<br>Case No. 19CV1926<br>Evidence given by Report and deposition<br>Retained By: William J. Villari, Jordan Villari and the Villari Family Gift Trust<br>Counsel: Douglas W. Gilfillan, Esq, Kilpatrick Townsend & Stockton LLP |
| May 2022 | **KISSIMMEE CONDOS PARTNERSHIP, LLC**<br>United States Bankruptcy Court, Middle District of Florida, Orlando Division<br>Case No. 6:22-bk-00994-GER<br>Evidence given by Report, Deposition and Testimony<br>Retained By: Darren L. Bradham<br>Counsel: Paul Mascia, Esq, Nardella & Nardella, PLLC |

**Testimony Experience**

May 2022              **BANROC CORP DBA SOLARA HOMES**
United States Bankruptcy Court, Middle District of Florida, Ft Myers
Division
Case No. 2:21-BK-01258-FMD
Evidence given by Affidavit and Report
Retained By: Lend More, LLC
Counsel: Edwin G. Rice, Esq, Bradley Arant Boult Cummings LLP

July 2022              **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS
OF UBS COMMERCIAL MORTGAGE TRUST 2018-C14,
COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2018-C-14, Plaintiff, v. YC RIVERGOLD HOTEL LLC, an
Alaska limited liability company; BALDEV S. JOHAL, an adult
individual; BALBIR S. GOSAL, an adult individual; LATROBE
MANAGEMENT SERVICES, LLC, a Puerto Rico limited liability
company; VERTICAL BRIDGE S3 ASSETS, LLC, a Delaware
limited liability company; DEUTSCHE BANK TRUST COMPANY
AMERICAS, a New York banking corporation, as Indentured
Trustee for the benefit of certain Noteholders under that certain
Amended and Restated Indenture dated as of February 21, 2018; and
U.S. SMALL BUSINESS ADMINISTRATION, Defendants.**
Superior Court for the State of Alaska, First Judicial District at Juneau
Case No. 1JU-22-00576 CI
Evidence Given by Affidavit
Retained By: YC Rivergold Hotel, LLC
Counsel: Austin Barron, Esq. Birch Horton Bittner & Cherot

October 2022         **CEBV LLC. v. DENNIS ZEMBER, JR. AND AMERIS BANK**
Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida
Case No. 2019-CA-003989
Evidence given by Report and Deposition
Retained By: CEBV, LLC
Counsel: Jonathon S. Feldman, Esq, Phang Feldman LLP

November 2022    **OCONEE LANDING PROPERTY, LLC, OCONEE LANDING
INVESTORS, LLC, TAX MATTERS PARTNER, PETITIONER V.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT**
United States Tax Court
Docket No. 11814-19
Evidence given by Report and Testimony
Retained By: Petitioner
Counsel: Vivian Hoard, Esq, Fox Rothschild, LLP

**Testimony Experience**

<u>**Testimony provided in Arbitration Matters**</u>

In addition to the matters listed above, I have provided reports, depositions, and hearing testimony in three confidential arbitration proceedings.  Two of these matters are related to banking practices and the third was related to damage calculation.

<u>**Testimony provided as Fact or 30(b)(6) Witness**</u>

| | |
|---|---|
| 1985-2004 | **Wachovia Bank, N.A. – Atlanta, Georgia & Hibernia National Bank – Baton Rouge, LA**<br>Evidence given by affidavit, deposition, at trials and hearings<br>Approximately 40 occasions |

**EXHIBIT C**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **STALWART PLASTICS, INC.,** | : | **Chapter 11 Case No. 24-40194-JTL** |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER GRANTING APPLICATION FOR AUTHORITY TO RETAIN
GGG PARTNERS LLC TO PROVIDE INTERIM MANAGEMENT SERVICES OF
(I) RICHARD B. GAUDET AS CHIEF RESTRUCTURING OFFICER AND (II)
CERTAIN OTHER PERSONNEL**

On the *Application for Authority to Retain GGG Partners LLC to Provide Interim
Management Services of (i) Richard B. Gaudet as Chief Restructuring Officer and (ii) Certain
Other Personnel* (Dkt. __) (the "**Application**") filed by the Debtor, wherein the Debtor seeks an
order pursuant to Section 363 of the Bankruptcy Code approving the Engagement Letter between
the Debtor and GGG Partners, LLC ("**GGG**") to provide interim management services as set
forth in the Engagement Letter and it appearing that (a) due and sufficient notice of the
Application has been provided and that no other or further notice need be provided (beyond that
ordered below); (b) this Court has jurisdiction of both this case and this proceeding; (c) this

proceeding is a core proceeding arising in a case under the Bankruptcy Code; (d) this Court has

statutory authority to hear and determine this proceeding; (e) this Court has constitutional

authority to enter a final order or judgment in this proceeding; (f) venue of both this case and this

proceeding in this district is proper, and the Court being satisfied, based on the representations

made in the Application and in the Gaudet Declaration, that GGG, including Richard B. Gaudet

and certain other personnel, represent no interest materially adverse to the Debtor or its estate,

and that the approval of the Engagement Letter, including the retention and employment of the

Chief Restructuring Officer ("**CRO**") and certain other personnel, is necessary and in the best

interest of the Debtor and its estate; and after due deliberation and sufficient cause appearing,

      **IT IS HEREBY ORDERED THAT:**

1.      The Application is granted.

2.      In accordance with Section 363(b) of the Bankruptcy Code, the Debtor is

authorized to retain and employ GGG to provide interim management services of (i) Richard B.

Gaudet as Chief Restructuring Officer and (ii) certain other personnel, in accordance with the

Application and the Engagement Letter.

3.      GGG and Mr. Gaudet shall not be required to file fee applications with this Court

and the Debtor may compensate GGG in accordance with the terms of the Engagement Letter

and the Application without further order of the Court. GGG shall deliver to the U.S. Trustee,

counsel for the Debtor, and other parties seeking notice in this case reports of compensation

earned and expenses incurred on a monthly basis (each a "**Monthly Report**"). Such Monthly

Reports shall describe the time incurred, the services provided, the itemized expenses, and the

total amount of fees sought for the applicable monthly period. The Debtor shall, subject to other

orders of the Court (including, without limitation, orders regarding the use of cash collateral), be

authorized to pay fees and expenses set forth in each Monthly Report. GGG's compensation shall only be reviewed under a reasonableness standard at the conclusion of this case.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

5.      Notwithstanding Bankruptcy Rule 6004(h) or any provision in the Bankruptcy Rules to the contrary, this Order is immediately effective and enforceable upon entry.

6.      The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

7.      Debtor's proposed counsel shall serve this Order along with the Application on the United States Trustee and, unless otherwise limited by any order limiting notice in this case, on all creditors and parties-in-interest within three (3) business days after entry of the Order, with an accompanying Certificate of Service. **The United States Trustee and all parties receiving this Order shall have twenty-one (21) days after the service date of the Order plus another three days for mailing (i.e., 24 days after the service date) within which to file a written objection to the entry of this Order, stating the grounds therefor.** A copy of any such objection shall be filed with the Court via CM/ECF or by mail at U.S. Bankruptcy Court, Middle District of Georgia, P.O. Box 2147 Columbus, Georgia 31902 so that it is received by the objection deadline and also served on the Debtor's proposed counsel, addressed: David L. Bury, Jr., Stone & Baxter, LLP, 577 Third Street, Macon, Georgia 31201. If an objection is filed and served as provided herein, then a hearing on said objection shall be scheduled upon further order. If no objection is filed and served as provided herein, then this Order shall become self-executing, without further hearing or notice.

**END OF DOCUMENT**

**Prepared and Presented by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
dbury@stoneandbaxter.com
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)
Proposed Counsel for Debtor