

**SO ORDERED.**

**SIGNED this 18 day of April, 2024.**

**John T. Laney, III**
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **STALWART PLASTICS, INC.,** | : | **Chapter 11 Case No. 24-40194-JTL** |
| | : | |
| Debtor. | : | |
| | : | |

### CONSENT PRE-TRIAL ORDER ON THE MOTION TO CONVERT CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 1104(A) and 1112(B), AND APPLICABLE LAW AND OTHER CONTINUED FIRST DAY PLEADINGS

Upon the above-described motion (Dkt. 19) (the "**Motion**") of Truist Bank and Truist Equipment Finance Corp. (collectively, "**Truist**") and the various first day pleadings continued to the Hearing (Dkts. 4, 5, 6, 8, and 11) (the "**First Day Motions**"), Truist and the Debtor, as shown by the signatures of their respective undersigned counsel, consent to, and the Court hereby orders and establishes, the following pre-trial and trial-related procedures in connection with the Motion and the May 1, 2024 at 10:45 a.m. and May 2, 2024 hearing on the Motion and the First Day Motions (the "**Hearing**"). Specifically, it is hereby ORDERED that:

1.      **Expedited Discovery**. If Truist or the Debtor desire to propound expedited written discovery on the other party related to the Motion, then, (i) such written discovery shall be limited to fifteen (15) requests for documents (including subparts, if any) (without interrogatories or requests for admissions) and (ii) provided that such requests for documents are served electronically via email on the other party's counsel of record on or before **April 16, 2024**, then objections, if any, to such document requests shall be transmitted to the other party's counsel of record on or before **April 22, 2024** and written responses, including production of responsive documents, shall be due on or before **April 26, 2024**. No other written discovery shall be required in connection with the Motion before the Hearing.

2.      **Exchange of Exhibits; Related Objections**. Counsel for Truist and the Debtor are directed to, on or before **April 29, 2024**, exchange marked proposed exhibits that will be or may be offered into evidence at the Hearing on the Motion or the First Day Motions, with a cover page listing the exhibits. Additionally, each party must deliver to the Court on or before **May 1, 2024** three exhibit binders (which includes the cover page) (i.e. one for the witness, the judge, and the judge's law clerk respectively). The parties shall, on or before **April 30, 2024**, exchange a listing of each party's objections to the other party's proposed exhibits (with such objections to include objections as to authenticity, privilege, competency, and, to the extent possible, relevance). Any listed exhibit to which an objection is not timely raised shall be deemed to have been stipulated as to authenticity by the parties, and such exhibit may be admitted into evidence without further proof of authenticity. Any timely objection exchanged under this paragraph 2 and not resolved by the parties before the Hearing will be taken up by and ruled on by the Court at the outset of the Hearing. All other objections (i.e. - hearsay) as to the admission of the exhibits into evidence shall be reserved.  Except for exhibits used for rebuttal or impeachment purposes only, a party will not be

permitted to use or offer an exhibit that is not identified in that party's exhibit list. Should any party seek to use exhibit(s) for the sole purpose of impeachment, such party must be prepared to share the exhibit(s) with the witness, opposing counsel, the judge, and the judge's law clerk.

3.    **Disclosure of Witnesses**. Counsel for Truist and the Debtor are directed to, on or before **April 26, 2024**, exchange witness lists (with such lists including witnesses that the parties "will call" at the Hearing and "may call" at the Hearing on the Motion and the First Day Motions). Designation of a witness on a "may call" list does not obligate the party to call that witness and, hence, does not relieve the other party desiring to call that witness from serving a subpoena on that witness. Designation of a witness on a "will call" list obligates that party identifying such witness to insure that the witness will be present so that the other side need not subpoena a "will call" witness. Except for witnesses called for impeachment or rebuttal purposes only, a party will not be permitted to call a witness to testify at the Hearing on the Motion and the First Day Motions that is omitted from that party's witness list.

4.    **Pre-Trial Stipulations**. Should Truist and the Debtor reach any stipulations of fact, then their counsel are directed to file such stipulations on the docket before, or otherwise announce such stipulations at, the outset of the Hearing.

5.    **Discovery Rights Reserved**.  This Order is without prejudice to the parties right to serve additional discovery for any other purpose in this bankruptcy case.

**END OF DOCUMENT**

**Order prepared and submitted by:**

_/s/ David L. Bury, Jr._
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201

(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for the Debtor

**Order consented to by:**

*/s/ Sean C. Kulka (by DLB with express permission)*
Darryl S. Laddin
Georgia Bar No. 460793
Darryl.Laddin@agg.com
Sean Kulka
Georgia Bar. No. 648919
Sean.Kulka@agg.com
Jennifer L. Shelfer
Georgia Bar No. 557213
Jennifer.Shelfer@agg.com
Arnall Golden Gregory, LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-7004
Counsel for Truist Bank and Truist Equipment Finance Corp.

G:\CLIENTS\Stalwart Plastics, Inc\Chapter 11\Motion to Convert\Pre-Trial Order for Motion to Convert (final clean 4.17.24).docx