IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| In Re: ) | Case No. 24-40194-JTL |
| ) | |
| **STALWART PLASTICS, INC.,** ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO EMPLOY KECK LEGAL, LLC AS COUNSEL

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 case (the "**Case**") of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), submits this application (this "**Application**") for entry of an order pursuant to 11 U.S.C. §§ 328(a) and 1103(a), Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b), and Local Bankruptcy Rule 2014-1 authorizing the Committee to employ the law firm of Keck Legal, LLC ("**Keck Legal**") as its legal counsel, effective as of April 24, 2024. In support of this Application, the Committee respectfully shows the following:

**JURISDICTION**

1. This Court has jurisdiction to consider and grant the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**BACKGROUND**

3. On March 29, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in this

Court. The Debtor continues to operate its business and manage its affairs as Debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Case.

4. On April 15, 2024, the United States Trustee appointed the Committee [Doc. 58].

5. On April 24, 2024, the Committee voted to retain Keck Legal as its counsel in the Case. Upon its retention, Keck Legal immediately began working on the Case due to the Committee's pressing need for legal counsel.

**RELIEF REQUESTED**

6. By this Application, the Committee respectfully requests entry of an order approving the employment and retention of Keck Legal, effective as of April 24, 2024, as its counsel in connection with this Case.

7. Due to the size and complex nature of this Case as well as the significant relief sought by the Debtor during the early stages of this Case, there was an immediate need for Keck Legal to perform services for the Committee. Even for a large chapter 11 case involving a potential asset sale, this Case has been moving at an extremely rapid pace. Under the circumstances, the Committee has sought authorization to retain Keck Legal as soon as reasonably practicable. Further, Keck Legal does not believe the approval of this Application effective as of April 24, 2024 will prejudice any parties in interest. The Committee submits that these circumstances warrant such approval. *See, e.g., In re MortgageAmerica Corp.*, 831 F.2d 97 (5th Cir. 1987); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

8. Keck Legal and its principal have extensive experience and an excellent reputation for providing high-quality legal services to creditors' committees and other parties in bankruptcy reorganizations and other restructurings. Accordingly, the Committee respectfully submits that

Keck Legal is well-qualified to provide services to the Committee in a cost-effective, efficient, and timely manner.

9. A proposed order authorizing the employment of Keck Legal as counsel for the Committee is attached to this Application as **Exhibit A**.

10. The relief requested herein is supported by the declaration of Keck Legal managing member Benjamin Keck (the "**Keck Declaration**"), which is attached to this Application as **Exhibit B**.

## SCOPE OF EMPLOYMENT

11. Keck Legal will be called upon to render the following services for the Committee:

   (a) advise the Committee with respect to its rights, duties, and powers in this Case;

   (b) assist and advise the Committee in its consultations with the Debtor in connection with the administration of this Case;

   (c) assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, operation of the Debtor's businesses and the desirability of continuing or selling such businesses and/or assets under Bankruptcy Code section 363, the formulation of a chapter 11 plan, and other matters relevant to this Case;

   (d) assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims and equity interests, including analysis of possible objections to the nature, extent, validity, priority, amount, subordination, or avoidance of claims and/or transfers of property in consideration of such claims;

   (e) advise and represent the Committee in connection with matters generally arising in this Case, including the obtaining of credit, the sale of assets, and the rejection or assumption of executory contracts and unexpired leases;

   (f) appear before this Court and any other federal, state, or appellate court;

   (g) prepare, on behalf of the Committee, any pleadings, including without limitation motions, memoranda, complaints, objections, and responses to any of the foregoing; and

   (h) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers

and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

12. It is necessary for the Committee to retain counsel to perform these services and to otherwise assist the Committee in fulfilling its statutory duties under the Bankruptcy Code.

13. Keck Legal will coordinate its services with any other professionals that may be employed by the Committee going forward, as appropriate, to minimize any possible duplication of work in this Case.

14. Subject to the Court's approval of this Application, Keck Legal has indicated that it is willing to serve as the Committee's counsel in this Case and to perform the services described above.

### KECK LEGAL DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

15. To the best of the Committee's knowledge, and except as disclosed in the Keck Declaration, (a) Keck Legal has no connection with the Debtor, its insiders, or its primary creditors; (b) Keck Legal does not hold any interest adverse to the Debtor's estate; and (c) Keck Legal does not, and will not during the pendency of its representation of the Committee, represent any other entity in connection with this Case.

16. To the best of the Committee's knowledge, based upon the Keck Declaration and except as set forth herein, Keck Legal (a) does not hold or represent any interest adverse to the Debtor or its chapter 11 estate, its creditors, or any other party-in-interest and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

### COMPENSATION

17. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See*

11 U.S.C. § 328(a). Keck Legal intends to apply for compensation for professional services rendered in connection with this Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Keck Legal.

18. The terms of employment of Keck Legal agreed to by the Committee, subject to the approval of the Court, are that certain attorneys and other personnel within the firm will undertake this representation at their standard hourly rates, set forth below:

| Professional: | Standard Hourly Rate: |
|---|---|
| Benjamin R. Keck | $445.00 |
| Craig A. Cooper | $350.00 |
| Miriam Lochridge | $165.00 |
| Selah Owusu | $ 95.00 |
| Miguel Quinonez | $ 95.00 |

19. The standard hourly rates charged by Keck Legal professionals and paraprofessionals are subject to change in the future. Keck Legal will make periodic applications for interim compensation, and if, at the completion of the case the results merit it, Keck Legal may make application to the Court for the allowance of a premium above its hourly rates.

20. Keck Legal will be compensated as set forth herein and reimbursed for reasonable and necessary expenses (excluding travel expenses), subject to Court approval under the applicable sections of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and pursuant to any Court approved payment procedures for professionals in this Case.

21. Keck Legal intends to seek compensation for all time and expenses associated with

its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Keck Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications and related issues.

22. Other than as set forth herein, there is no proposed arrangement to compensate Keck Legal. Keck Legal has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the member and employees of Keck Legal, or (b) any compensation another person or party has received or may receive.

## CONCLUSION

23. WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Committee to retain and employ Keck Legal as its counsel in this Case, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: April 25, 2024            THE OFFICIAL COMMITTEE OF UNSECURED
                                 CREDITORS OF STALWART PLASTICS, INC.


                                 _____
                                 Kael Kerlick  Apr 26, 2024 06:04 EDT
                                 Kael Kerlick, representative for Clearwater Plumbing and
                                 Chairperson of the Official Committee of Unsecured
                                 Creditors

<u>**Exhibit A**</u>

**Proposed Order Authorizing Employment of Keck Legal, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-40194-JTL |
| | ) | |
| **STALWART PLASTICS, INC.,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER AUTHORIZING EMPLOYMENT OF
KECK LEGAL, LLC AS COUNSEL FOR THE OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

This matter came before the Court on the Application of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 Case (the "**Case**") of the above-captioned debtor and debtor-in-possession (collectively, the "**Debtor**") for entry of an Order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b), authorizing the retention and employment of Keck Legal, LLC ("**Keck**

**Legal**") as counsel for the Committee, effective as of April 24, 2024 [Doc. ___] (the "**Application**")[1].

After due consideration of the Application, the Affidavit of Benjamin R. Keck in support of the Application, the pleadings of record, and all other matters brought before the Court, the Court has determined that (i) it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue of this Case in this district is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) Keck Legal represents no interest adverse to the Debtor's estate or its creditors; (v) Keck Legal is disinterested within the meaning of Section 101(14) of the Bankruptcy Code, (vi) due and proper notice of the Application has been given and no other or further notice need be provided, (vii) Keck Legal's employment is in the best interests of the Debtor's estate and creditors, and (vii) good cause exists for granting the relief requested in the Application. Accordingly, it is hereby

ORDERED that the Application is hereby GRANTED; and it is further

ORDERED that having satisfied the requirements of sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and all applicable rules of this Court, the Committee is authorized to employ and retain Keck Legal as its counsel, effective April 24, 2024, on the terms set forth in the Application; and it is further

ORDERED that Keck Legal shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules for the United States Bankruptcy Court for the Middle District of Georgia as may then be applicable, from time to time, applicable guidelines of the Office of the United States Trustee, and

---

[1] All capitalized terms not defined herein shall take the meanings ascribed to them in the Application.

2

such procedures as may be fixed by order of this Court; it is further

ORDERED that the Committee and Keck Legal are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; it is further

ORDERED that notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

**[END OF ORDER]**

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
Craig A. Cooper, Ga. Bar No. 941033
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
ccooper@kecklegal.com
*Proposed Counsel for the Committee*

<u>**Exhibit B**</u>

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | Case No. 24-40194-JTL |
| | ) | |
| **STALWART PLASTICS, INC.,** | ) | Chapter 11 |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**<u>DECLARATION OF BENJAMIN R. KECK</u>**

STATE OF GEORGIA
COUNTY OF DEKALB

The undersigned hereby makes solemn oath:

1. I am the managing member of the law firm of Keck Legal, LLC (the "**Firm**"). I am duly admitted to practice law in the State of Georgia, in the United States District Courts for the Northern District of Georgia, Middle District of Georgia, Southern District of Georgia, and the Circuit Court of Appeals for the Eleventh Circuit. The Firm's offices are located at Druid Chase, 2801 Buford Highway NE, Suite 115, Atlanta, GA 30329.

2. I will oversee the professional services in this case. I earned my bachelor's degree in Business Administration from Marquette University and my law degree from Georgia State University. I began my legal career in 2012 serving as Law Clerk to the Honorable James R. Sacca, United States Bankruptcy Judge for the Northern District of Georgia.

3. To the best of my knowledge, prior to my representation of the Debtor, I had never met the Debtor's principals socially, professionally, or otherwise. To the best of my knowledge, neither I nor any attorney in my Firm is owed any monies by the Debtor or has ever represented the Debtor in any capacity, other than as disclosed in the Application to Employ.

4. I have reviewed the list of creditors in this case and to the best of my knowledge, neither I nor any attorneys in my Firm represent any of the scheduled creditors in matters relating to this case.

5. With respect to my connections with the United States Trustee or any persons employed in the Office of the United States Trustee, by virtue of my being a bankruptcy practitioner in the Northern District of Georgia for many years, I know many individuals employed in the office

of the United States Trustee. I have never represented the interests of any member of the office of the United States Trustee, and my involvement with all persons associated with the Office of United States Trustee has been on a professional basis as opposed to a social or business basis.

6. Based on the foregoing, to the best of my knowledge:

   a. I am, and every person in the Firm is, a "disinterested person" as defined by § 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor;

   b. Neither I nor any member of the Firm holds or represents an interest adverse to this estate;

   c. Except as specified herein, neither I nor any member of the Firm has had any business, professional or other connection with the aforementioned Debtors, attorneys, creditors, or any party in interest, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee or any other party-at-interest in this proceeding which would be adverse to this estate; and

   d. Neither I nor any member of the Firm is related to any judge of this court, nor so connected now with any judge of this court as to render such appointment of any bankruptcy judge in the Middle District of Georgia improper.

*/s/ Benjamin R. Keck*
Benjamin R. Keck
Georgia Bar No. 943504

# IN THE UNITED STATES BANKRUPTCY COURT

Final Audit Report                                                        2024-04-26

| | |
|---|---|
| Created: | 2024-04-25 |
| By: | Benjamin Keck (bkeck@kecklegal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAACgKojq7cgSvQZuVMPgfOw82CN39HVncN |

## "IN THE UNITED STATES BANKRUPTCY COURT" History

- Document created by Benjamin Keck (bkeck@kecklegal.com)
  2024-04-25 - 11:10:14 PM GMT

- Document emailed to Kael Kerlick (kael@rsgcollect.com) for signature
  2024-04-25 - 11:10:17 PM GMT

- Email viewed by Kael Kerlick (kael@rsgcollect.com)
  2024-04-26 - 10:03:48 AM GMT

- Document e-signed by Kael Kerlick (kael@rsgcollect.com)
  Signature Date: 2024-04-26 - 10:04:55 AM GMT - Time Source: server

- Agreement completed.
  2024-04-26 - 10:04:55 AM GMT

Adobe Acrobat Sign