**SO ORDERED.**

**SIGNED this 3 day of May, 2024.**



_____
**John T. Laney, III**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| STALWART PLASTICS, INC., | ) | CASE NO. 24-40194-JTL |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TRUIST BANK and | ) | |
| TRUIST EQUIPMENT FINANCE CORP., | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| STALWART PLASTICS, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER REGARDING MOTION TO CONVERT CASE TO CHAPTER 7,**
**OR IN THE ALTERNATIVE TO APPOINT A CHAPTER 11 TRUSTEE**
**PURSUANT TO 11 U.S.C. §§ 1104(A) and 1112(B), AND APPLICABLE LAW**

This matter came on for hearing on May 1, 2024 at 10:45 a.m. (Eastern) (the "Hearing") on the *Motion to Convert Case to Chapter 7, or in the Alternative to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a) 1112(b), and Applicable Law* [Docket No. 19] (the "Motion")[1] filed by Truist Bank ("Truist") and Trust Equipment Finance Corp. ("TEFC," and collectively with Truist, the "Movants").

The Court has considered the Motion, the Bidding Procedures and Sale Motion [Docket No. 65] (the "Sale Motion") filed by Stalwart Plastics, Inc. (the "Debtor"), the Limited Objection to the Motion field by the Official Committee of Unsecured Creditors [Docket No. 84], the entire record in this Bankruptcy Case, the arguments and presentations of counsel made at the Hearing, and the Debtor's consent to the relief requested in the Motion as set forth in this Order as reflected below by the signature of Debtor's proposed counsel.

It appears that the Court has jurisdiction over the Motion and this proceeding; that this is a core proceeding; that proper notice of the Motion and the Sale Motion have been given and that no further notice of the Motion or the Sale Motion is necessary; that the relief sought in the Motion is appropriate under the circumstances; that all objections to the Motion have either been overruled by the Court or resolved by the terms of this Order; and that good and sufficient cause exists to grant the relief requested in the Motion as set forth in this Order.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtor shall continue to manage its business affairs and property as Debtor and Debtor in Possession and this Bankruptcy Case shall continue to be administered under Chapter 11 of the Bankruptcy Code until the earlier of (i) a default by the Debtor under the

---

[1] Any capitalized terms not defined in this Order shall have the meaning given to them in the Motion.

2

sales milestones contained in this Court's Final Cash Collateral Order (the "Cash Collateral Order") or (ii) 10 days after the sale of Acquired Assets (as such term is defined in the Sales Motion) contemplated by the Sales Motion closes (the date of such closing, the "Closing Date").

3. In the event that the sale of Acquired Assets (as defined in the Sales Motion) does not close because (i) the Court does not approve such sale, or (ii) the winning bidder(s) with respect to the proposed sale (any winning bidder and any back-up bidder) fails to close, then the Bankruptcy Court shall reschedule the Motion for further hearing within 14 days of the date that either (a) the Court declines to approve the proposed sale or (b) the date that the Debtor or the Movants advise the Court that a sale of Acquired Assets did not close.

4. In the event that the Debtor defaults under the sales milestones contained in the Cash Collateral Order, which is not otherwise waived by the Movants, then Movants may file a request that the Court enter an order converting this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code.

5. In the event that the Sale Motion is approved by the Court and a sale of Acquired Assets closes, then the Debtor shall within two (2) business days of the Closing Date file a request that the Court enter an order converting this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code, with such conversion to occur and be effective ten (10) days after the Closing Date.

6. Upon either Movants or the Debtor filing such a request (under paragraph 4 or 5 of this Order), the Court shall enter an order converting this Bankruptcy Case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code without any further notice or

hearing (the "Conversion Order") (provided that notice of entry of the Conversion Order shall be served to the extent required under the Bankuptcy Code and applicable rules, if any).

7. Counsel for the Movants is directed to serve or cause a copy of this Order to be served on all parties on any Master Service List approved by this Court within three (3) days of the entry of this Order and file a certificate of service with the Clerk of the Court.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

*** END OF ORDER ***

Prepared and presented by:

ARNALL GOLDEN GREGORY LLP

*/s/ Darryl S. Laddin*
Darryl S. Laddin
Georgia Bar No. 460793
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500; Fax: (404) 873-8683
Emails: darryl.laddin@agg.com and sean.kulka@agg.com

*Attorneys for Movants*

-and-

Consented to by:

*/s/ David L. Bury, Jr.  (by Darryl Laddin with express permission)*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
Email: dbury@stoneandbaxter.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*

4

4862-3832-4921.v4