## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| IN RE: : | |
| : | **Chapter 11** |
| STALWART PLASTICS, INC., : | |
| : | **Case No. 24-40194-JTL** |
| Debtor. : | |
| : | |

## MOTION OF NOVA CHEMICALS INC. FOR
## ALLOWANCE AND PAYMENT OF
## ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9)

NOVA Chemicals Inc. ("NOVA"), through its undersigned counsel, hereby files this Motion for Allowance and Payment of Administrative Expense Claim Under 11 U.S.C. § 503(b)(9) (the "Motion") and in support hereof, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this matter is properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is 11 U.S.C. § 503(b)(9).

### BACKGROUND

4. On March 29, 2024 (the **"Petition Date"),** the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code").**

5. On April 15, 2024, an official committee of unsecured creditors was appointed and organized.

6. On June 17, 2024, this case was converted to Chapter 7.

7. Prior to and during the course of this Case, the Debtor owned and operated a plant located at 7701 Chattsworth Road, Midland, Georgia, where the Debtor manufactured stretch film plastic (the **"Business"**).

8. Prior to the Petition Date, NOVA supplied the Debtor with polyethylene, which is the primary feedstock for the Debtor's product.

9. NOVA's supply of polyethylene was so crucial to the Debtor's business, that the Debtor identified NOVA as a "top 3 critical vendor" in its Motion to Establish Critical Vendor Payment Procedures [Doc No. 6, Exhibit A].

10. In the ordinary course of its business, NOVA sold and delivered to the Debtor within the twenty (20) day period preceding the Petition Date, polyethylene with an aggregate value of Eight Hundred Fifty-One Thousand Seven Hundred Forty Dollars and Eight One Cents ($851,740.81) (the "Goods").  Copies of invoices for such Goods are attached hereto and incorporated as **Exhibit A**.

11. The Goods delivered by NOVA on the eve of bankruptcy enabled the Debtor to continue turning orders into cash and preserved the going concern value of its assets and business during the crucial initial weeks of this case prior to the June 5 asset sale. A chart listing delivery dates for the Goods is attached hereto and incorporated as **Exhibit B.**

12. To date, the Debtor has not paid NOVA for the Goods.

13. Pursuant to Section 503(b)(9) of the Bankruptcy Code, NOVA is entitled to an administrative expense claim in the amount of $851,740.81 for the full value of the Goods.

BASIS FOR RELIEF REQUESTED

14. Section 503(b)(9) provides that after notice and a hearing, there shall be an allowed administrative expense claim for

the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

15. The Goods were ordered by, and delivered to, the Debtor in the ordinary course of its business and NOVA's business on or within the twenty (20) day period preceding the Petition Date.

16. The Debtor has not paid for the Goods.

17. NOVA accordingly seeks allowance and payment of an administrative expense claim pursuant to Section 503(b)(9) of the Bankruptcy Code for the full value of the Goods in the amount of $851,740.81 (the "503(b)(9) Claim").

18. NOVA requests that the 503(b)(9) Claim be paid upon the earliest of (i) a distribution to administrative expense creditors by the Chapter 7 Trustee, (ii) a payment by the Debtor of any other administrative expense claim or (iii) entry of an order of the Court upon a subsequent motion or request by NOVA for immediate payment of the 503(b)(9) Claim.

19. NOVA hereby reserves its right to assert additional claims against the Debtor and to amend, modify and/or supplement this request.

{Remainder of page intentionally left blank.}

WHEREFORE, NOVA Chemicals Inc. respectfully requests that this Honorable Court enter the Order substantially in the form attached hereto (1) allowing NOVA's administrative expense claim in the amount of $851,740.81, (2) compelling the Chapter 7 Trustee to pay the 503(b)(9) Claim as more fully set forth herein and (3) for any other relief this Court deems just and proper.

Respectfully submitted,

Dated: July 12, 2024

By: */s/ Thomas D. Maxson*
Thomas D. Maxson
(PA ID No. 63207)
*(Admitted Pro Hac Vice)*
**DENTONS COHEN & GRIGSBY P.C.**
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222-3152
Telephone: 412-297-4706
Facsimile: 412-209-1975/412-209-1857
Email: thomas.maxson@dentons.com

*Counsel for NOVA Chemicals Inc.*